[No. 18247.   Department Two.   December 18, 1923.]

THOMPSON, SWAN & LEE, a *Co-partnership, Respondents*, v. J. W. SCHNEIDER *et al., Appellants*.[1]

SPECIFIC PERFORMANCE (13)—CONTRACTS ENFORCEABLE—DESCRIPTION—CERTAINTY. A vendee is entitled to enforce specific performance of the contract notwithstanding it contains a defective description of a strip of land, where he waives that portion of the premises and is willing to accept the balance.

SAME (13). It is a sufficient description to warrant specific performance that the property was described as "two lots at 5822, 46th S. E." in a certain city, where the property was bounded on two sides by streets and two sides by fences which were pointed out.

SAME (28)—CONTRACTS ENFORCEABLE—PERFORMANCE BY PLAINTIFF—TITLE AND ABILITY TO CONVEY. Upon a sale of property made in good faith, it is only necessary for the vendors to be able to convey a good title at the time of performance, in order to enforce specific performance.

BROKERS (24, 26)—COMMISSIONS—GOOD FAITH—ACTING FOR BOTH PARTIES. A broker may act as agent for both parties to a sale of land, and collect commissions from both, where there were no antagonistic interests.

SPECIFIC PERFORMANCE (7)—PERSONS ENTITLED—BROKERS—AUTHORITY TO SELL. Where a contract for the exchange of properties, entered into with a broker, was in the nature of an option to the brokers for property of a third person, which the brokers thereupon acquired, they may enforce specific performance of the contract.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered April 2, 1923, in favor of the plaintiffs, in an action for specific performance, tried to the court. Affirmed.

*H. B. Apperson* and *Crass & Hardin*, for appellants.
*Back, Hall & McMullen* and *R. C. Sugg*, for respondents.

PEMBERTON, J.—Respondents are real estate agents at Vancouver, Washington. Appellants were the own-

[1]Reported in 221 Pac. 334.

ers of a farm and equipment in Clarke county, and entered into a written agreement with respondents whereby they agreed to trade their farm for certain real property in Portland, Oregon, belonging to a Mr. Adams. Respondents entered into an agreement with Adams to acquire the Portland property, after which appellants refused to complete the exchange with respondents. This action was to enforce specific performance, or, in the alternative, to enforce the payment of the penalty provided in the contract. After the testimony was introduced, the trial court, in a memorandum decision, found for appellants, for the reason that one part of the description of the farm land was so defective that the court could not require the specific performance of the contract, the defective description being as follows: "Also a strip of land fifty feet wide and two hundred sixty feet long to county road for road purposes." Respondents immediately elected to complete the trade by eliminating this portion of the property. Thereupon the court entered judgment in favor of respondents, from which this appeal is taken.

The respondents had the right to waive their claim to this roadway and demand that the conveyance be made to them of the farm, which was sufficiently described.

The description of the real estate in Portland was as follows: "An eight-room house and two lots at 5822 Forty-sixth Street, S. E., Portland, Oregon."

It is the contention of appellant that parol evidence cannot be received to supply the defect in the description of the property.

"The description being essential, it follows that it must be such a description as would meet the requirements of a sufficient description under any other phase of the statute of frauds, as, for instance, when invoked in actions for specific performance. It must be a de-

scription, complete within itself, by which the realty to be sold can be known and identified." *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C 1239.

The description of the property in Portland, however, definitely describes the property to the exclusion of all other property.

"The terms may be abstract and of a general nature, if with the assistance of external evidence, the description, without being contradicted or added to, can be connected with and applied to the very property intended, and to the exclusion of all other property." 25 R. C. L. 651.

The record discloses that the property was bounded on two sides by streets and on the other two sides by fences, and pointed out to appellants.

It is contended that respondents did not show that they were ready, willing and able to perform their part of the contract. This contract was made in good faith and it was only necessary for respondents to be able to convey a good title at the time for performance. 39 Cyc. 1529; *Webb v. Stephenson,* 11 Wash. 342, 39 Pac. 952; *Morris v. Columbia Canal Co.,* 75 Wash. 483, 135 Pac. 238; *Reard v. Ephrata Orchard Homes Co.,* 78 Wash. 180, 138 Pac. 678; *Wilson v. Korte,* 91 Wash. 30, 157 Pac. 47. The abstract was delivered within the time provided in the contract. The exchange was not consummated for the reason that appellants refused to perform their part of the agreement.

It is also contended that respondents were not entitled to collect commission from both sides.

"A person may act as agent of two or more principals in the same transaction, if his duties to each are not such as to require him to do incompatible things." Mechem on Agency (2d ed.), § 178.

There were no facts in this case showing antagonistic interests, and respondents were entitled to their commission.

Appellants also contend that the contract was originally made with Adams, or, on his behalf, with respondents as agents, and respondents are now attempting to enforce a contract wherein they are principals, and are collecting a commission for sale of their own property. Under the terms of the contract, appellants agreed to exchange their property for the Adams property, and this agreement is in the nature of an option, not to Adams, but to respondents, and respondents secured the Adams property for appellants according to the terms of the contract.

The judgment of the trial court will be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.