[No. 22092. Department Two. November 26, 1929.]

B. Kauffman, *Respondent*, v. Marlborough Invest-
ment Company, *Appellant*.[1]

*Carkeek, McDonald & Harris,* for appellant.
*Ryan, Desmond & Ryan* and *George R. Stuntz,* for
respondent.

French, J.—This action was brought by the re-
spondent to recover a commission of ten thousand dol-
lars claimed to be due by reason of services in effect-
ing an exchange for other property of certain real
estate belonging to the appellant. From a judgment
allowing the commission, this appeal is prosecuted.

[1]Reported in 282 Pac. 377.

Respondent bases his right of action on the following letter:

"MARLBOROUGH HOUSE
"Boren Avenue and University Street
"SEATTLE
"December 17, 1928

"Mr. B. Kauffman
"Seattle, Wash.
"Dear Sir:

"I hand you herewith letter of even date relative to the sale of the Marlborough House, Lot One (1) and Four (4), Block One Hundred Sixteen (116) A. A. Denny's Broadway Addition, in which I have set forth the terms of this exchange.

"Should you consummate this deal as outlined or satisfactory to us, we will pay you and/or your firm a total commission of $10,000 when the deal is closed.

"Very truly yours,
"MARLBOROUGH INVESTMENT Co.
"By Colin O. Radford, President."

The court found that the respondent was and is a duly licensed real estate broker; that he arranged for a meeting between the parties interested in the properties being exchanged; was present at, and participated in, their various negotiations; that the deal was completed and the exchange consummated, and that respondent was also acting as agent for the other parties to the transaction and received a commission of ten thousand dollars therefor, and that appellant at all times knew of such dual agency and commission agreement and acquiesced and consented to plaintiff so acting.

The appeal presents three questions: First, that respondent did not consummate the deal, and therefore did not complete his contract; second, that the contract was, and is, void under the statute of frauds; and third, that respondent cannot recover because he

was receiving a double commission without the appellant's knowledge and consent.

In answer to the first contention, it is sufficient to say that the evidence shows conclusively that respondent was the procuring cause of bringing these parties together, and aided and assisted in the negotiations between them, and that, at the time he brought the parties together, all that was left was to go to the office of an attorney and have a written memorandum of the transaction prepared and signed by the respective parties. Respondent did everything that he had power to do and had consummated the deal to the place where all that was necessary was the signing of the formal articles. This we hold to be a consummation as the term is used in this letter.

The second question raised is that the contract so obtained is void under the statute of frauds, the claim being that the letter-head or billhead on which this contract is written is no part of the contract, citing in support of that proposition *Glant v. Lloyd's Register of Shipping,* 141 Wash. 253, 251 Pac. 274, 252 Pac. 943; and that, unless the letter-head is used to supply the word "Seattle," the description of the property is incomplete. But here is a letter dated at Seattle, referring to the Marlborough House in the body of the letter. The address of the Marlborough House is given on the caption of the letter. Certainly it cannot be claimed that any person of ordinary intelligence could not have taken this written instrument and located the Marlborough House without in any way resorting to parol testimony. The parties themselves, in preparing this instrument, must have considered that the letter-head or caption indicating the Marlborough House to be in Seattle was sufficient, and it was therefore unnecessary to repeat such fact in the body of the letter. We think this description is suffi-

ciently complete so that the real estate to be sold or traded could be known and identified from the instrument itself.

We think our observations in the case of *Schmidt v. Powell,* 107 Wash. 53, 180 Pac. 892; *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C 1239, and *Thompson, Swan & Lee v. Schneider,* 127 Wash. 533, 221 Pac. 334, bear out the conclusion that this description is sufficient.

The third contention of the appellant was that respondent could not recover in this case because he was receiving a commission from the buyer without the knowledge and consent of appellant. This presented an issue of fact. It may be conceded that the law does not permit an agent to receive a commission from both parties to a transaction unless both are aware of that circumstance. The lower court, however, in its oral decision at the conclusion of the trial, stated:

"On that the testimony of Mr. Kauffman and Mr. Radford is in conflict, and all the court can do is to look to all the facts and circumstances surrounding it which tend to corroborate one side as against the other. And tested by that corroboration and without making any general conclusions as to the respective and relative credibility of the two witnesses in the entirety, I have finally come to the conclusion that those facts and circumstances do lend corroboration to the fact that Mr. Radford must have had reason to believe and knowledge that Mr. Kauffman was dealing with the other parties as a broker and would receive a commission from them."

The court, in its formal findings, found:

"That, during all of the period of plaintiff's employment, he was likewise acting as agent for the said F. S. Stimson Company under an agreement whereby said Stimson Company was to pay him a commission of $10,000 for his services rendered on its behalf, and

that the above named defendant at all material times knew of such dual agency and commission agreement, and acquiesced and consented to plaintiff so acting, as agent and broker for the said F. S. Stimson Company.''

We cannot say that the evidence preponderates against the findings of the trial judge, and, under well-settled rules, unless we can so say, the findings of the trial court must be accepted as correct.

The judgment is therefore affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.

