## WALSER et al. v. CALLEY.

### No. 3800.

Court of Civil Appeals of Texas. Amarillo.

April 27, 1932.

Rehearing Denied June 1, 1932.

See, also, 30 S.W.(2d) 1060.

Wilson, Randal & Kilpatrick, of Lubbock, for appellants.

Vickers & Campbell and Levens, McWhorter & Howard, all of Lubbock, for appellee.

JACKSON, J.

The plaintiffs, S. L. Walser and J. A. Bray, instituted this suit in the county court of Lubbock county, Tex., against the defendant T. C. Calley, to recover the sum of $750, with interest and costs.

The plaintiffs alleged that in January, 1926, they were real estate brokers, and as such the defendant listed with them for sale or exchange certain land belonging to him, sufficiently described in their petition, and that thereafter the plaintiffs obtained W. F. Perkins as a purchaser to trade for said lands on terms agreeable to and satisfactory to the defendant. That the defendant agreed to pay plaintiffs the sum of $500 to procure for him a contract of trade with their said purchaser, W. F. Perkins. That plaintiffs secured a written contract between said purchaser and the defendant, by the terms of which the defendant was to transfer to said purchaser land in Castro and Deaf Smith counties, Tex., for certain real estate belonging to said purchaser in Hood county, Tex. That, by reason of the services of the plaintiffs and the fact that the defendant entered into a written contract satisfactory to him with the said purchaser for the exchange of their respective real estate, the defendant became bound and liable to pay to plaintiffs the commission which he had agreed to pay, and he is indebted to them in the sum of $750 under his contract and agreement to pay such sum.

The plaintiffs alleged in the alternative that, if they are in error as to the meaning of the contract by which they were employed by the defendant, then they allege that the defendant agreed to pay them the sum of $500 to secure an exchange of properties between the defendant and the said purchaser. That after the contract had been approved and accepted by the defendant the plaintiffs procured thereto the signature of W. F. Perkins; that the contract was valid and binding and the said W. F. Perkins was, at all times subsequent to the making of the contract, ready, willing, and able to comply with its terms. That the defendant refused to accept the abstract of the said W. F. Perkins to his property or have it examined, refused to deliver his abstract to W. F. Perkins, and, before a reasonable time had elapsed for closing the deal, the defendant advised W. F. Perkins that he would not trade on the basis indicated in the contract. That the defendant, without a valid reason, refused to comply with the terms of the contract of exchange, and by reason thereof he is estopped to deny the right of plaintiffs to recover said sum of $500.

The defendant answered by general demurrer, general denial, and pleaded that he was not indebted to the plaintiffs for any commission because the exchange of properties alleged by the plaintiffs was never consummated between him and the said W. F. Perkins, and that, if he (defendant) had any contract with the plaintiffs for the payment of any sum for their services, it was wholly dependent upon the consummation of the exchange contract. The defendant also attacked the contract for insufficient description of the property of W. F. Perkins because there were liens on said property; pleaded that the consummation of the contract was delayed an unreasonable time; a waiver by the plaintiffs of the collection of any commission and some other matters unnecesary to set out.

In response to special issues submitted by the court, the jury found, among other things, that the plaintiffs did not perform the

contract of employment between them and the defendant. On this and the other findings of the jury, judgment was rendered that the plaintiffs take nothing by their suit and the defendant go hence with his costs, from which judgment this appeal is prosecuted.

The appellants challenge as error the action of the trial court in submitting to the jury the issue as to whether the plaintiffs had performed the terms of the contract of employment with the defendant for the reason that such issue had already been determined on a former appeal and because the contract sued on was plain and unambiguous and presented a question of law for the court rather than a question of fact for the jury.

A report of the opinion of this court on the former appeal, Walser et al. v. Calley, is found in 30 S.W.(2d) 1060. The letter from the appellee to appellants constituting the written contract, under which it is alleged that the appellee promised to pay the sum of $500 as commission, as well as the contract for the exchange of properties between the defendant and W. F. Perkins, are both set out in full in Walser et al. v. Calley, supra. In the former appeal this court held, in substance, that, among other questions to be determined, was whether the appellants had earned their commission by finding a purchaser ready, willing, and able to exchange his property with appellee according to the terms stipulated by him. It will be noted that the language of the letter upon which appellants rely obligates appellee to pay appellants "$500.00 commission to make the deal that way," referring to the terms and stipulations contained in the letter and also in the contract of exchange.

"A 'deal' has been defined to be 'an arrangement to attain a desired result by a combination of interested parties.' Ball v. Davenport, 170 Iowa, 33, 152 N. W. 72. The result desired by the parties in this case was an exchange of properties, and, considered in the light of this definition, it could not be closed until the exchange had been effected." Gaut v. Dunlap et al. (Tex. Civ. App.) 188 S. W. 1020, 1021.

See, also, Osborne v. Moore, 112 Tex. 361, 247 S. W. 498.

Dr. Perkins testified that he mailed his abstracts to appellee on April 7, 1926, but that they were returned marked "refused." That he never requested appellee to deliver to him abstracts of the title to the property he was to acquire under the contract, because he looked to Mr. Bray to attend to such matters. No deeds were made, and the contract was never consummated.

■■ Mr. Bray, one of the appellants, testified, in effect, that he understood and has understood all the time that appellee's proposition was to pay him $500 to put a deal through. That he was to do his best to ac-

complish that. That he understood appellee expected him to use his best efforts to go ahead and close the deal up within a reasonable length of time and stay on the job until he did that. That he did use his best efforts until the appellee refused to make the deal. The appellee's testimony shows that he expected the appellants to proceed with the closing of the deal, and the written correspondence between the parties is to the same effect, all of which shows conclusively, we think, that the parties understood and construed the contract to mean that appellee was to pay appellants $500 for the consummation of the deal according to the contract of sale and the contract for the commission contained in the letter.

Under these authorities and this record this contention of appellant is overruled.

The cause of action alleged by appellants in their alternative plea was not submitted to the jury by the court, and no issue pertaining thereto was requested by appellants.

"When the omitted issue constitutes a complete ground of recovery, or a complete defense, a failure to request a submission of that issue waives said ground of recovery or said ground of defense." Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, 1085, and authorities therein cited.

■ Appellants' alternative plea which alleged a complete ground of recovery was waived by them because of their failure to request that such ground of recovery be submitted to the jury.

The appellants present as error the action of the trial court in refusing at their request to direct a verdict in their behalf.

The appellants were not entitled to a directed verdict unless on the cause of action alleged in their alternative plea to the effect that the failure to consummate the contract of exchange was the fault of appellee and not the fault of themselves or their purchaser.

■ In determining whether a peremptory instruction should be given, only the testimony supporting appellee's claim in this case may be considered, and we must accept as true the evidence offered by appellee tending to raise an issue of fact. Jones et al. v. Jones (Tex. Civ. App.) 41 S.W.(2d) 496, and authorities therein cited.

In our opinion the evidence is not so conclusive as to have required the court to direct a verdict in behalf of appellants on their allegations in their alternative plea that the contract of exchange failed of consummation on account of the fault of appellee.

If we are correct in the foregoing holdings, the other alleged errors assigned by appellants become immaterial, and the judgment is affirmed.