## KAHLICH v. WATSON.

### No. 4639.

Court of Civil Appeals of Texas. Amarillo.
Sept. 21, 1936.

Rehearing Denied Oct. 5, 1936.

Bradley & Wilson, of Lubbock, for appellant.

Madison S. Rayburn, of Slaton, and Lockhart & Brown, of Lubbock, for appellee.

HALL, Chief Justice.

Watson, a real estate broker, sued the appellant to recover upon an alleged agreement to pay 5 per cent commission for finding a purchaser for appellant's 100 acres of land at $40 an acre. His petition contains alternative pleas not necessary to be set out here.

The appellant answered that the contract of sale procured by appellee for the 100 acres of land was merely an executory contract, and that it was agreed that no commission was to be paid unless the sale was consummated, and that the sale was never consummated because of the default and inability of the purchaser to perform the obligations of the contract of sale.

The court submitted the case to the jury upon special issues, in response to which the jury found: (1) That appellant listed his 100 acres of land with appellee for sale; (2) that appellee found a purchaser satisfactory to appellant; (3) that appellant agreed to pay 5 per cent. commission on the sale price of the land; (4) that the sum of money agreed to be paid was $200; (5) that whatever sum appellant agreed to pay appellee for his services was agreed to be paid only in the event the sale of the land in question was consummated and closed; (6) that appellant and the purchaser rescinded the contract of sale for said land; and (7) that the appellee had no knowledge of the rescission of the contract of sale prior to such rescission.

The appellant filed a motion for judgment in his favor upon the answer of the jury to special issue No. 5. The court overruled the motion, and judgment was rendered in favor of appellee against appellant for $200, with interest from December, 1926, at 6 per cent. per annum, together with all costs.

The court did not err in rendering judgment for appellee upon the fifth finding of the jury because the testimony shows that the sale was "consummated and closed," as a matter of law, when the parties entered into a binding and enforceable contract. The appellant could have enforced specific performance of the contract. He failed to do this, and by subsequent agreement accepted a reconveyance of the land and surrendered the purchase-money notes, without the knowledge or consent of appellee.

In entering into contracts the parties are presumed to have contracted with knowledge of the rules of law which govern, and such rules are a part of the contract whether incorporated or referred to therein. 6 R.C.L. 855. It is settled law in this state that the broker's right to commission is complete when the purchaser procured by him is accepted by the vendor and they enter into a binding, valid, and enforceable contract of sale. 12 C.J. 1310; Conkling v. Krakauer, 70 Tex. 735, 11 S.W. 117; Newton v. Dickson, Moore & Smith, 53 Tex. Civ.App. 429, 116 S.W. 143; Sanderson v. Wellsford, 53 Tex.Civ.App. 637, 116 S.W. 382; Rabinowitz v. No. Texas Realty Co. (Tex.Civ.App.) 270 S.W. 579; Kauffman v. Marlborough Inv. Co., 154 Wash. 396, 282 P. 377; Traxler v. Katz (McLearan), 116 Cal.

App. 226, 2 P.(2d) 553; Ormsby v. Graham, 123 Iowa, 202, 98 N.W. 724. However, this rule does not apply to cases involving an exchange of real estate. Walser v. Calley (Tex.Civ.App.) 50 S.W.(2d) 337; Gaut v. Dunlap (Tex.Civ.App.) 188 S.W. 1020.

It is held in Lincoln Realty Co. v. Garden City Land & Immigration Co., 94 Neb. 346, 143 N.W. 230, Ann.Cas.1914D, 392, that, if a written contract of agency for the sale of real estate provides that the agent's commission shall be "due and payable when deal is closed," such commission is due and payable when the agent has brought the principal and the purchaser together, and the principal and purchaser have fully negotiated and agreed upon a sale and purchase and have entered into an executory contract for the performance of such agreement.

In the light of these authorities, we hold that, when the appellant and his purchaser entered into the binding contract for the sale of the property, upon terms agreeable to both, which contract was valid and could have been enforced by a suit for specific performance, the deal was consummated and closed to the extent that the broker was entitled to recover his commission.

It is unnecessary to discuss in detail the numerous propositions and counter propositions urged in the briefs of counsel.

We find no reversible error, and the judgment is affirmed.