[No. 31097.  *En Banc.*  December 9, 1949.]

LOIS M. MARTIN, *Appellant,* v. KARL SEIGEL *et al.,* *Respondents.*[1]

*H. E. Foster,* for appellant.

*Wright & Wright,* for respondents.

[1]Reported in 212 P. (2d) 107.

SCHWELLENBACH, J.—This is an appeal from a decree dismissing an action for specific performance of a contract to sell real property.

On March 2, 1948, respondents listed their property for sale with Frank L. McGuire, Inc. The listing agreement described the property as:

| 1<br>N 10'<br>LOT | 32<br><br>BLK. | ADDITION<br>Pontius<br>2nd. | City of Seattle,<br>King County<br>Washington |
|---|---|---|---|

The address was given as 309 E. Mercer.

On June 24, 1948, the following earnest money agreement was entered into. It was upon a printed form, and we italicize those portions which were written.

"Seattle, Washington *June 24, 1948*

"RECEIVED FROM *Lois M. Martin (widow)* the sum of *$1,000.00* DOLLARS as part payment on this HIS (HER) agreement to purchase from FRANK L. MCGUIRE, INC., Agent for owner, the following real property: *at 309 E. Mercer and furniture as per inventory* in the City of Seattle, County of *King,* State of Washington, at the agreed price of *$18,500* DOLLARS, the balance of the down payment to be paid as follows: *$1500.00 including earnest money* DOLLARS within ten (10) days of the time when seller shall furnish an abstract brought to date or title insurance policy showing marketable title, and the remainder of said purchase price to be paid as follows: *150.00 per month or more including 5% interest for one year. $200 or more per month including 5% interest thereafter until paid.*

"In event the title furnished shall not prove marketable after examination by purchaser, the owner shall have thirty (30) days after notice of defects in writing in which to cure said defects in same. In event the purchaser shall fail to make payments herein provided within ten (10) days after furnishing marketable title and notice that deal is ready to close, the deposit will be forfeited as liquidated damages.

"In event the property is not delivered free from encumbrances, excepting zoning ordinances, building restrictions, *excepting present mortgage of about $5,800—This deal is contingent upon purchaser being able to get satisfactory licenses from city* by good and sufficient DEED (CONTRACT OF

SALE) the above deposit of *$1000.00* shall be returned to said purchaser.

"Taxes and fire insurance premiums to be pro-rated as of date of sale.

"This property is sold on the basis of the contract between Frank L. McGuire, Inc., and the owner and not on any verbal statement made by the agent, and all such statements and representations not covered by this receipt are hereby waived.

"Purchaser to have possession on or before ten (10) days after deal is closed.

"This deposit taken subject to owner's approval, and broker shall have five (5) days in which to obtain said approval. FRANK L. McGUIRE, Inc.,
Agent

*"Lois M. Martin* [signed]    By   *G. W. Dunn* [signed]
PURCHASER.                   Salesman

"I hereby approve this sale, accept the price and agree to the terms herein and agree to pay Frank L. McGuire, Inc., my agent, $5% commission for making above sale. I hereby authorize my said agent to give tenants legal notice to vacate premises.

"Dated this............ day of................................ 19..........
*"Karl Seigel* [signed]    OWNER
*"Jeanne Seigel* [signed]   OWNER"

On August 5, 1948, a policy of title insurance was furnished, which described the property:

"IN THE COUNTY OF KING, STATE OF WASHINGTON Lot one (1) and north 10 feet of lot two (2), block thirty-two (32), Supplementary Plat of Pontius Second Addition to Seattle, according to plat thereof recorded in volume 5 of plats, page 76, records of said county."

This is the correct legal description.

The trial court made finding No. 8:

"That the earnest money receipt, Exhibit 3, is not a sufficient memorandum to satisfy the Statute of Frauds, nor does it incorporate by reference any other instrument, either Exhibit 1 or otherwise, that does contain an adequate legal description sufficient to satisfy the Statute of Frauds; that parol evidence would have to be resorted to, to connect the real estate described in the plaintiff's complaint with that described in Exhibit 1 and Exhibit 3, and that therefore the Exhibit 3 is void and not enforceable;"

■ The general rule with regard to the sufficiency of legal descriptions to satisfy the statute of frauds in contracts for the sale of real property is stated in 49 Am. Jur. 658, Statute of Frauds, § 349:

"In general, a description of the property in a contract for the sale of real estate may be sufficient to satisfy the statute of frauds even though it is not in such particulars as to render unnecessary a resort to extrinsic evidence to apply the description to the subject matter; the description is considered sufficient if with the assistance of external evidence it can be applied to the property intended to the exclusion of all other property. It follows that evidence of extrinsic circumstances is admissible within limitations in aid of a description the words of which standing alone would not identify the subject matter of the contract positively. A writing relied upon to constitute the memorandum must in and of itself furnish the evidence that the minds of the parties met as to the particular property which the one proposed to sell and the other agreed to buy; when such evidence is not found in the writing, it cannot be supplied by parol, but if it is found there, parol evidence of extrinsic circumstances may be resorted to for the purpose of specifically designating the property to which both parties are shown to have referred by the terms of the writing."

In 37 C. J. S. 674, Frauds, Statute of, § 188, we find the following:

"In transactions affecting urban property a description of the property by street and number is a sufficient description where the city or town in which it is located is stated either in the caption or the body of the instrument or may be ascertained from the writing. Ordinarily, however, an omission of the city or town in which the property is located renders the description insufficient where it contains nothing from which the omitted statement may be inferred."

In *Broadway Hospital v. Decker*, 47 Wash. 586, 92 Pac. 445, we affirmed a judgment dismissing an action for specific performance, where the memorandum described the property to be sold as: "House No. 322 Broadway," because the writing did not show the state, county, or city where the property might be found. See also, *West v. Cave*, 98 Wash. 237, 167 Pac. 747, where the property was described as the "J. T.

Arrasmith place." *Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858, where the writing stated: "my stock ranch located in sections 9, 17 and 21, township 3, south, range 13, east, Sweetgrass county, Montana." *Nelson v. Davis,* 102 Wash. 313, 172 Pac. 1178, "One lot and store building in Wenda(e)ll, Idaho, in the county of Gooding, state of Idaho."

In *Martinson v. Cruikshank,* 3 Wn. (2d) 565, 101 P. (2d) 604, the memorandum covered " 'the following described property situated in the county of Lewis, State of Washington, to-wit: "160 acres, more or less, in Section 2, Township 13 N, Range 2 East." ' " In affirming a judgment dismissing an action for reformation and specific performance, we said:

"In a long line of decisions, we have held that, in order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony." [Citing cases.]

We also quoted from 22 C. J. 1290, § 1719:

" 'The rule that where a contract upon its face is incomplete resort may be had to parol evidence to supply the omitted stipulation applies only in cases unaffected by the statute of frauds. If the subject matter of the contract is within the statute of frauds and the contract or memorandum is deficient in some one or more of those essentials required by the statute, parol evidence cannot be received to supply the defects, for this would be to do the very thing prohibited by the statute.' "

In *Fosburgh v. Sando,* 24 Wn. (2d) 586, 166 P. (2d) 850, we reiterated the rule that a contract for the conveyance of land is void under the statute of frauds, when such a contract does not contain a description of the land sufficient to locate it without recourse to oral testimony. The contract attempted to convey land in King county described as:

" 'Blue Bird Auto Court, No. 14241 Pacific Hi-Way Commencing at the North West corner of the intersection of Highway 99 and South 144th Street thence Northerly 60 feet to point of beginning thence approximately 207 feet thence Westerly approximately 300 feet, Thence Southerly approximately 265 feet, Thence Easterly approximately 93 feet, Thence Northerly 60 feet, Thence Easterly 120 feet

point of beginning. All in Section 15, Township 23 North, Range 4 E. W. M.' "

*Bonded Adjustment Co. v. Edmunds,* 28 Wn. (2d) 110, 182 P. (2d) 17, was an action for the conveyance of land based upon a lease covering "a house at 2626 W Fairview." We held:

"The description of the land mentioned in the lease agreement, was, under these decisions, insufficient to designate its location without the use of parol evidence and hence was invalid under the statute of frauds."

It will thus be seen that this court is at variance with the more liberal rule which permits parol testimony to explain what particular property the parties had in mind when they contracted to transfer real property described merely by a street number. We do not care to recede from the rule adopted by us, which has been stated in a long line of decisions over a number of years, and known and followed by the members of the bar and title men. We do not apologize for the rule. We feel that it is fair and just to require people dealing with real estate to properly and adequately describe it, so that courts may not be compelled to resort to extrinsic evidence in order to find out what was in the minds of the contracting parties.

In the present case, appellant contends that the description in the earnest money receipt *is* sufficient because the property is described not merely by street number, but also by city, county and state; and that this court should therefore adopt the liberal rule relative to descriptions of urban property as set forth in 37 C. J. S. 674, *supra.* While neither party has cited us any decision of this court in which the question of the sufficiency of such a description has been squarely presented, we find that it was before the court in one instance. In *Thompson, Swan & Lee v. Schneider,* 127 Wash. 533, 221 Pac. 334, the action was brought for the specific performance of a contract to trade two pieces of real estate. In granting specific performance, this court held that the description, "An eight-room house and two lots at 5822 Forty-Sixth Street, S. E., Portland, Oregon,"

was a sufficient legal description because "the property was bounded on two sides by streets and on the other two sides by fences, and pointed out to the appellants." We note that that point in the *Thompson* case has been cited but once since it was decided in 1923; see *Kauffman v. Marlborough Inv. Co.,* 154 Wash. 396, 282 Pac. 377. However, the decision in that case is not based on the *Thompson* case, for in the *Kauffman* case the description included not only the street address, but also a correct description by lots, block number and addition. We feel that the sufficiency of the description in the *Thompson* case is not in keeping with the trend of our later decisions noted earlier in this opinion. That trend has been away from indefinite and vague legal descriptions, and in the direction of preciseness and accuracy.

In the interests of continuity and clarity of the law of this state with respect to legal descriptions, we hereby hold that every contract or agreement involving a sale or conveyance of platted real property must contain, in addition to the other requirements of the statute of frauds, the description of such property by the correct lot number(s), block number, addition, city, county, and state. In so far as the *Thompson* case, *supra,* conflicts with this rule, it is hereby overruled.

Applying the above rule to the facts in the present case, it is apparent that the legal description of the property in question is insufficient and, therefore, the agreement set forth in the earnest money receipt is within the statute of frauds, and, hence, unenforcible.

The judgment is affirmed.

ALL CONCUR.