[No. 38598.    Department One.    March 9, 1967.]

STANLEY HEIM, *Appellant*, v. OTTO H. FAULSTICH *et al.*, *Respondents.**

*O. Nels Stromberg*, for appellant.

*Newell Smith* (of *Bell, Ingram & Smith*) and *F. C. Knappe*, for respondents.

LANGENBACH, J.†—Appellant, a real estate broker, entered into a contract to sell respondents' farm for a commission. The property was described as "The O. H. Faulstich Farm, Route 1, Snohomish, Snohomish County, Washington," subject to all easements and excepting a tract of land definitely described by metes and bounds.

Appellant alleged that he found a ready, able and willing buyer within the agreement's time limits, but respondents refused to accept him. Appellant sued for his commission and respondents pleaded, among other defenses, the statute of frauds. The court refused to strike this defense and instead granted respondents' motion for summary judgment of dismissal. This appeal followed.

The only issue is whether the pleadings, viewed most favorably to appellant's case, raised a genuine issue as to a

*Reported in 424 P.2d 1012.

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

material fact. Appellant argued that "a justiciable issue exists as to whether or not the Authority to Sell Real Estate . . . is a sufficient agreement under the statute of frauds." This is a pure question of law.

RCW 19.36.010 reads:

In the following cases, specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say . . . (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission.

This language is identical with that earlier found in Rem. & Bal. Code, § 5289 (P.C. 203 § 3). Discussing the latter we said in *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 684, 135 Pac. 660 (1913):

By an unbroken line of decisions we have held that, to meet this statute, the writing evidencing the agreement must be so complete in itself as to make a resort to parol evidence to establish any material element of the agreement unnecessary. . . .

That the subject-matter of the sale upon which the commission is claimed is an essential part of the contract seems too plain for argument. Proof of a sale of, or of the production of a purchaser ready, able and willing to buy, the specific property contemplated by the agreement is, of course, essential to any recovery of the agreed commission. To avoid the uncertainty against which the statute is directed, it is obviously as necessary that the subject-matter of the sale be sufficiently described as that the amount of the commission be sufficiently stated.

See also *Rogers v. Lippy,* 99 Wash. 312, 314, 169 Pac. 858 (1918), where the description "my stock ranch located in sections 9, 17 and 21, township 3, south, range 13, east, Sweetgrass county, Montana" was held insufficiently definite to constitute compliance with the statute.

That the same requirements for definiteness of description have been applied both in contracts for conveyance of land and in contracts by real estate brokers for commission is

indicated in *Martin v. Seigel,* 35 Wn.2d 223, 228, 212 P.2d 107, 23 A.L.R.2d 1 (1949). That case, one involving specific performance of a real estate contract, cites as authority in its discussion of sufficient legal description, *Rogers v. Lippy, supra,* a suit on a contract for broker's commission.

What we said in *Martin v. Seigel, supra,* is equally applicable here:

> We do not care to recede from the rule adopted by us, which has been stated in a long line of decisions over a number of years, and known and followed by the members of the bar and title men. We do not apologize for the rule. We feel that it is fair and just to require people dealing with real estate to properly and adequately describe it, so that courts may not be compelled to resort to extrinsic evidence in order to find out what was in the minds of the contracting parties.

The judgment is affirmed.

FINLEY, C.J., HILL, ROSELLINI, and HALE, JJ., concur.