[No. 40006.    Department One.    May 15, 1969.]

FLOYD RITZSCHKE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Defendant*, KNOB HILL MINES, INC., *Appellant*.[*]

*Witherspoon, Kelley, Davenport & Toole*, by *John L. Neff*, for appellant.

*Richard A. Perry*, for respondent.

McGOVERN, J.—The employer, Knob Hill Mines, Inc., Republic, Washington, appeals from a judgment granting compensation to claimant for having contracted an occupational disease while employed by it in extrahazardous employment.

Mr. Ritzschke was employed as an underground miner by Knob Hill Mines, Inc. from March 1942, until June, 1949. Thereafter he was engaged in various other forms of

[*]Reported in 454 P.2d 850.

employment. In 1957, some 8 years after leaving appellant's employment, claimant sought medical assistance for the purpose of obtaining relief from a physical discomfort within his chest. X rays indicated "marked emphysematous changes" and he was treated for pulmonary tuberculosis.

The ill health continued. In 1960, his treating physician became aware for the first time of claimant's former mining employment and thereupon considered the possibility of a disabling silicosis. August 30, 1960, Mr. Ritzschke filed his claim with the Department of Labor and Industries alleging that he had contracted silicosis while employed by the appellant and averred that it was an industrial disease. August 18, 1961, the supervisor of industrial insurance denied the claim, and the Board of Industrial Insurance Appeals thereafter affirmed the order. On appeal, the superior court reversed and this appeal followed.

Appellants only assignments of error challenge the findings of the trial court that claimant suffers from a disabling silicosis and that it was contracted during his term of employment with the appellant. We affirm, for the record discloses sufficient competent evidence to sustain those findings.

### DID CLAIMANT HAVE SILICOSIS?

When Dr. S. Thatcher Hubbard, Sr., was asked: "Now, from your examination of him [claimant] in September of 1962, are you able to state whether or not you believe he had silicosis as and of August 18, 1961?", he answered, "Yes, he did."

And Dr. George W. Rodkey, after answering affirmatively to the question of whether or not claimant had silicosis, was asked the further question of whether his ". . . diagnosis [was] based on possibility, probability or reasonable medical certainty?" He answered, "I think it would be between probability and reasonable medical certainty."

### WHERE DID CLAIMANT CONTRACT SILICOSIS?

Dr. Hubbard also answered that question. He said that ". . . Mr. Ritzschke's pulmonary insufficiency is due to

the inhalation of dust while working in the Knob Hill Mines from 1942 to 1949" as a quartz miner. And Dr. Alexander P. Greer said that quartz dust particles form a silicosis-producing agent. He then added that "Silicosis is one type of pneumoconiosis which refers to pulmonary disease due to the effects of inhaled particles, and in this case silicon dioxide."

Is Claimant Disabled From The Condition?

Again, Dr. Hubbard furnished direct, concrete evidence. He was asked ". . . are you able to state what his [Mr. Ritzschke's] degree of disability was from the silicosis condition from which he suffered?" To the point, he answered, "Yes. I think he is totally disabled from gainful physical employment."

█ Since the findings are amply supported by the record, we decline to substitute our judgment for that of the trial court. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959); *Hollingbery v. Dunn,* 68 Wn.2d 75, 411 P.2d 431 (1966); *Sander v. Wells,* 71 Wn.2d 25, 426 P.2d 481 (1967).

We affirm.

HILL, FINLEY, and HAMILTON, JJ., and DONWORTH, J. Pro Tem., concur.

---

July 9, 1969. Petition for rehearing denied.