[No. 1146-1.    Division One—Panel 1.    April 10, 1972.]

JOHN R. MCCARTHY et al., Appellants, v. MARION ROGSTAD, Respondent.

*Thomas C. McCarthy,* for appellants.

*Wendells, Froelich & Power* and *Alan L. Froelich,* for respondent.

WILLIAMS, J.—This is an appeal from a judgment of the superior court dismissing with prejudice an action for recovery of a real estate commission.

The seller of the real estate, Marion Rogstad, listed the property through a brokerage association of which the Benton-McCarthy Realty firm was a member. Benton-McCarthy Realty found a party ready, willing, and able to purchase the property. An earnest money agreement was signed which recited that Mrs. Rogstad was to receive cash for her equity and that the buyer would assume the mort-

gage. In addition, the agreement contained the following language pertaining to the mortgage: "Purchase Agreement is on the basis of an assumption of mortgage only."

A controversy then arose among Mrs. Rogstad, the buyers, and the mortgage company over the mortgage which covered not only the real estate intended to be transferred, but also an adjacent lot owned by Mrs. Rogstad which was not part of the sale. Mrs. Rogstad's position was that she intended that the mortgage company would release the adjacent lot from the lien of the mortgage to be assumed by the buyers. The mortgage company was agreeable to this as long as the interest rate of the mortgage was increased. The buyers weren't willing to complete the sale at an increased interest rate. Mrs. Rogstad was unwilling to proceed without a release of the adjacent lot. The sale was therefore abandoned.

Two questions are raised on this appeal. The first concerns that part of the finding of fact which states: "and the parties had agreed that the purchaser would assume said mortgage, *and arrange for release of the portion of the property not sold to the purchaser.*" (Italics ours.) There is no evidence in the record to substantiate the italicized portion of this finding. Mrs. Rogstad testified that she had no discussion with the buyers or Benton-McCarthy Realty concerning the release of the adjacent lot prior to the execution of the earnest money agreement. It was only Mrs. Rogstad's insistence that the adjacent lot be released, a new term imposed subsequent to the execution of the earnest money agreement, which aborted the sale.

The second question has to do with the adequacy of the legal description of the property as contained in the earnest money agreement. No objection was made by the buyers. If the description was insufficient, it could have been corrected by Benton-McCarthy Realty, because the agreement provided that "purchaser and seller authorize agent to insert legal description over signatures." *Noah v. Montford,* 77 Wn.2d 459, 463 P.2d 129 (1969). The earnest money agreement was subject to reformation and specific

performance. *Tenco, Inc. v. Manning,* 59 Wn.2d 479, 368 P.2d 372 (1962).

The judgment is reversed and the cause remanded to the trial court for entry of judgment in favor of Benton-McCarthy Realty and against Mrs. Rogstad for the real estate commission specified in the earnest money agreement.

It is so ordered.

HOROWITZ, C.J., and CALLOW, J., concur.