# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JERRY C. REEVES, | No. 50268-2-II |
| Appellant, | |
| v. | |
| TEDD RATERMANN, individually and dba AA&A RATERMANN INVESTMENTS; TEDD RATERMANN as Trustee of the RITA RATERMANN and DOROTHY RATERMANN TRUST; TEDD RATERMANN as Trustee of the RITA RATERMANN ESTATE TRUST; TEDD RATERMANN as Trustee of the AA&A RATERMANN TRUST; CHARLES KENNETH POTTER and DOES 1-10, | UNPUBLISHED OPINION |
| Respondents. | |

JOHANSON, P.J. — Jerry Reeves appeals the superior court's summary judgment dismissal of his claims against Tedd Ratermann and Charles Potter arising out of a sale agreement and a lease agreement. Reeves asks us to decide whether as a matter of law, the agreements provided a sufficient description of the associated real property to satisfy the statute of frauds for real estate conveyances. We hold that under settled Washington law, the agreements' descriptions were inadequate. Accordingly, we affirm.

## FACTS

### I. BACKGROUND

In 2014, Reeves entered into a lease agreement and a sale agreement with the AA&A Ratermann Trust, regarding some real property. Ratermann signed both agreements as the trust's

trustee. In the lease agreement, Reeves agreed to rent the property for four years, starting in July. The lease agreement expressly incorporated the sale agreement.

In the sale agreement, Reeves agreed to buy the property, with closing to occur sometime before July 2018. A provision of the sale agreement stated that at closing and upon Reeves's payment of the purchase price then due, the seller, AA&A Ratermann Trust, would "deliver to Buyer," Reeves, documents including "Other documents: As Required by Law." Clerk's Papers (CP) at 45. Both the sale and lease agreements described the subject property only by house number, street name, city, and state. These facts are undisputed.

In 2015, Reeves sued Ratermann and Potter, whom Reeves alleged was a tenant on the property. Reeves alleged that Ratermann failed to timely remove tenants from the property. Accordingly, Reeves brought claims for breach of the lease agreement and violations of the Residential Landlord-Tenant Act of 1973, ch. 59.18 RCW, against Ratermann. Reeves also requested reformation of the lease and sale agreements. And against Potter, Reeves brought an interference with contract claim.[1]

## II. SUMMARY JUDGMENT PLEADINGS

Ratermann moved for summary judgment of Reeves's claims, arguing that the agreements were void and unenforceable because they violated the real estate statute of frauds. Alternatively, Ratermann argued that the lease agreement was void because it was unacknowledged. Ratermann relied upon both agreements, which he provided in support of his summary judgment motion.

---

[1] Ratermann answered and asserted, among other things, that the lease agreement was void because it was not acknowledged. He also brought counterclaims for ejectment, quiet title, and damages to the property.

In response, Reeves relied on the other-documents-as-required-by-law provision in the sale agreement and his own declaration that the parties intended that provision to mean that Reeves would obtain and attach a legal description. According to Reeves, he and Ratermann had known that a legal description was required, had agreed to attach the description once it was obtained from a title company, and Reeves had in fact attached the description to the sale agreement at a later date. Based on this evidence, Reeves argued that the sale agreement and lease agreement, which incorporated the sale agreement, comported with the real estate statute of frauds. Reeves further argued that Ratermann's acknowledgment argument was incorrect as a matter of law.

In his reply to Reeves's response, Ratermann pointed out that Reeves had failed to provide the sale agreement with the legal description attached. Ratermann argued that this was another reason for the superior court to grant his summary judgment motion.

### III. SUMMARY JUDGMENT RULING AND DISMISSAL

The superior court found no genuine issue of material fact that there was no written agreement to have any party attach a legal description to the sale agreement at a later time. The superior court also agreed with Ratermann that there was no legal description of the property attached to the lease or sale agreement and that the lease was unacknowledged, so that even if the lease agreement were valid, it would convert to a month-to-month lease. Accordingly, the superior court ruled that as a matter of law, the sale and lease agreements were void and unenforceable.[2]

Following summary judgment, Ratermann moved to have Reeves's complaint dismissed. The superior court granted the motion and dismissed Reeves's complaint with prejudice.

Reeves appeals.

---

[2] The superior court later denied Reeves's motion for reconsideration.

ANALYSIS

The parties do not dispute that the agreements' description of the subject property by house number, street name, city, and state was insufficient to satisfy the statute of frauds for real estate conveyances. However, Reeves argues that the other-documents-as-required-by-law provision in the sale agreement fits within an exception for future insertion of a legal description. He is incorrect.

We review summary judgment orders de novo. *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). If viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. *Ranger Ins. Co.*, 164 Wn.2d at 552.

It is well settled in Washington that a description of real property by street address is inadequate to satisfy the real estate statute of frauds. *Martin v. Siegel*, 35 Wn.2d 223, 228-29, 212 P.2d 107 (1949); *see* RCW 64.04.010. Rather, "contracts for the sale or conveyance of real property must include a legal description of the property." *Pardee v. Jolly*, 163 Wn.2d 558, 566-67, 182 P.3d 967 (2008). The description must be sufficiently definite that the land may be located without recourse to extrinsic evidence, or the agreement must refer to another instrument that includes a sufficient description. *Tenco, Inc. v. Manning*, 59 Wn.2d 479, 485, 368 P.2d 372 (1962).

Washington's strict rule has several exceptions, including, as relevant to this appeal, that an agreement to convey property will not be voided for inadequately describing the property if the agreement authorizes the later insertion of the legal description over the parties' signatures. *See Noah v. Montford*, 77 Wn.2d 459, 462-63, 463 P.2d 129 (1969). The agreement must authorize

the insertion of the legal description, and the description must be in fact inserted. *Geonerco, Inc. v. Grand Ridge Props. IV LLC*, 146 Wn. App. 459, 468, 191 P.3d 76 (2008).

Reeves claims that a provision of the sale agreement authorized a legal description to be inserted. That provision states,

> At [closing], and upon payment by the Buyer [Reeves] of the portion of the purchase price then due, the Seller [the trust] *will deliver to Buyer* the following documents:
> . . . .
> (e) Other documents: As Required by Law.

CP at 45 (emphasis added). Even if we accept as true that the reference to "Other documents: As Required by Law" included the legal description, the provision does not authorize anyone to insert anything into the agreements. CP at 45. Instead, it simply requires the trust to deliver other legally required documents to Reeves. Thus, the provision does not fall within the real estate statute of frauds' exception for a legal description to be inserted into a land conveyance agreement.

Reeves claims in his declaration that the parties knew of and discussed that a legal description had to be inserted in the sale agreement and that Reeves volunteered to obtain a title report with the description to attach to the agreement. However, Reeves's statements in his declaration are immaterial: to rely on them would be to look to extrinsic evidence of the parties' intent. And resort to extrinsic evidence to supplement an inadequate legal description is precisely what Washington's real estate statute of frauds disallows.[3] *Tenco, Inc.*, 59 Wn.2d at 484-85.

---

[3] The published cases about an authorization to insert a legal description discuss agreements for a third party, not the parties themselves, to insert the description. *See Noah*, 77 Wn.2d at 462-63; *Nishikawa v. U.S. Eagle High, LLC*, 138 Wn. App. 841, 849, 158 P.3d 1265 (2007); *Home Realty Lynnwood, Inc. v. Walsh*, 146 Wn. App. 231, 237-38, 189 P.3d 253 (2008); *Geonerco*, 146 Wn. App. at 468-69. Recognizing this, Reeves asks this court to extend the law to hold that an agreement may authorize a party, in addition to a third party, to insert a legal description. We do not reach the question of whether an agreement satisfies the real estate statute of frauds' legal

The sale agreement's other-documents-as-required-by-law provision does not fall within the real estate statute of frauds' exception for the future insertion of a legal description. The superior court properly ruled that the sale and lease agreements were void because they failed to adequately describe the subject property.[4] Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

BJORGEN, J.

SUTTON, J.

___

description requirement if it authorizes one of the parties to insert a legal description because here, as set forth above, the agreement did not authorize anyone to insert anything.

[4] Even if we assume without deciding that the lease agreement validly incorporated the sale agreement by reference, the lease agreement is invalid because the sale agreement's property description was inadequate, as set forth above. And because the lease agreement is invalid for lack of an adequate property description, we do not need to reach the issue of whether it was also invalid because it was not acknowledged.