[No. 7977.   Department One.   June 9, 1909.]

MARK MORRIS, *by his Guardian Ad Litem, Lewis Thomas, Respondent,* v. NORTHWESTERN IMPROVEMENT COMPANY, *Appellant.*[1]

MASTER AND SERVANT—JOINT TORT FEASORS—JUDGMENT—TRIAL—VERDICT. In an action against a company and its master mechanic for personal injuries to an employee, where the only negligence alleged was that of the master mechanic in failing in the inspection of a motor, a verdict exonerating the master mechanic exonerates the company, and precludes any judgment against either defendant (Fullerton, J., dissenting).

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 23, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Reversed.

*Carroll B. Graves* and *Charles H. Winders,* for appellant.

*Blaine, Tucker & Hyland* and *Robert C. Saunders,* for respondent.

MORRIS, J.—The plaintiff was in the employ of the defendant company as a motorman, and on the 12th of November, 1906, was injured; the injury being caused by the breaking of the platform of the motor upon which he stood, and his right foot being caught in such a way as to bruise and otherwise injure it. The relation of the defendant Cadwell to the cause of action pleaded is best understood by quoting from that portion of the complaint in which the al-

[1]Reported in 102 Pac. 402.

legations of negligence, upon which the action is based, are found. Paragraph V:

"That the defendant, Harry Cadwell, was at all times herein mentioned in the employ of the defendant Northwestern Improvement Co., as master mechanic, having charge of the cars, motors and all of the mechanical appliances, fixtures and appurtenances used, possessed and used by said defendant company in the operation of said mines, whose duty it was to inspect, ascertain and know the working condition of all such cars, motors, fixtures and appliances, and to ascertain any and all defects existing in them and each of them, and to see that such defects were remedied and that said motors, cars and appliances were kept in a safe condition and good working order."

Paragraph VII:

"That said defendants on the 12th day of Nov., 1906, so careless and negligent of its and his duty as aforesaid, did furnish to said plaintiff in the performance of his duties a certain motor which was in an unsafe, insecure and defective condition in that the frame work or platform of said motor was not securely and safely bolted or otherwise securely fastened to the trucks of said motor . . . and the said facts were well known to said defendant company and to said master mechanic as aforesaid, and should and ought to have been ascertained by said defendant company and said master mechanic if they had used ordinary care and diligence in the inspection of said motor."

Upon the trial the jury returned this verdict:

"We, the jury in the above entitled cause, do find for the plaintiffs in the sum of ————. It is the intention of this verdict to exonerate the master mechanic—Seven hundred and fifty ($750.00) vs. the Northwestern Improvement Co."

Both defendants moved for judgment upon the verdict. Defendant Cadwell's motion was granted, and the defendant company's denied, and, upon entry of judgment, it appealed.

Several errors are assigned, but finding one decisive of the appeal, we discuss none other. It is apparent from the complaint as quoted that the only negligence alleged is failure

to use ordinary care in the inspection of the motor, which duty primarily rested upon defendant Cadwell. There is no allegation of independent negligence on the part of appellant. Its negligence grows out of and follows from the negligence of its master mechanic, in his neglect in the performance of the duty it had intrusted to him. If Cadwell was negligent, then appellant was negligent in law and must answer for the consequent injury; if Cadwell was not negligent, no liability could be imposed upon appellant, because the only negligence upon which its negligence was predicated did not exist. Appellant's relation to the cause of action falls clearly within the rule of *respondeat superior*, and the verdict in favor of Cadwell was, in legal effect, a verdict in its favor, and no judgment against it could be founded thereon. This rule is recognized in the case of *Doremus v. Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, where the principles and authorities upon which it rests are cited and reviewed. It was again announced in *Stevick v. Northern Pac. R. Co.*, 39 Wash. 501, 81 Pac. 999. The allegations in the complaint here, and in the above cases, are so nearly identical as to the theory upon which the defendant company is sought to be held, as to make the rule therein announced controlling.

Appellant's motion for judgment should have been granted, and for error in not so ruling, the judgment of the lower court is reversed, and the cause is remanded with instructions to dismiss the action.

Rudkin, C. J., Gose, and Chadwick, JJ., concur.

Fullerton, J., dissents.