[No. 31040. Department One. November 2, 1949.]

RICHARD D. EDWARDS *et al., Appellants,* v. DELMER L. MEADER, *Respondent.*[1]

*Merrill Wallace,* for appellants.
*Ralph Purvis* and *James B. Sanchez,* for respondent.

[1]Reported in 210 P. (2d) 1019.

DONWORTH, J.—This is an action to recover the sum of eight hundred dollars paid by the plaintiffs as earnest money under an earnest money agreement.

The case was tried by the court, sitting without a jury, and resulted in the entry of a judgment dismissing the action. A motion for a new trial having been interposed by the plaintiffs and denied by the court, this appeal followed.

No statement of facts or bill of exceptions has been brought to this court on this appeal and therefore the only question presented for review is whether the factual findings of the trial court support the judgment. In such a situation, the findings are conclusively presumed to be correct. (*In re Levas' Estate,* 33 Wn. (2d) 550, 206 P. (2d) 482.)

Appellants assign as error the action of the trial court in entering its judgment of dismissal upon its findings of fact.

In determining whether the findings of fact support the judgment of dismissal, we are particularly concerned with findings III, IV, and V, which are as follows:

"III

"That Delmer L. Meader is the owner of certain premises situated at 1136 Vandalia Avenue in the city of Bremerton, Kitsap County, Washington, and employed the said defendants, Jensen-Beard Realtors, as agents to sell and dispose of the defendant Meader's premises.

"IV

"That on or about the 4th day of May, 1948, the plaintiffs applied to the defendants for the purchase of a residence dwelling situated in or near the City of Bremerton, Kitsap County, Washington, and that on or about said day the said parties entered into an earnest money agreement, the same having been filed as defendant's Exhibit 7 in this action, which is by reference incorporated herein as though fully set out, and that as a result of said earnest money agreement the said plaintiffs deposited with defendant the sum of $800.00 as earnest money.

"V

"That said defendant's Exhibit 7, which is a copy of said earnest money agreement, was fully complete at the time of the execution by the plaintiff, Richard D. Edwards, and the defendant, except that the legal description of the property involved had not been filled in but that said earnest

money agreement contained the words: '1136 Vandalia Legal Des. to be entered by agent.' That William R. Lindsey, real estate agent employed by the Jensen-Beard Realtors, inserted the legal description of the property upon the original earnest money agreement within a day or two following its execution by plaintiff, Richard D. Edwards, and advised the plaintiff, Richard D. Edwards, of such insertion. That said legal description was inserted in said contract in accordance with the provision thereof."

The legal question presented is whether the earnest money agreement contained a sufficient legal description of the property to be sold to satisfy the statute of frauds. The answer to this question depends on whether the real-estate agent was duly authorized to insert the legal description in the earnest money receipt.

The trial court found in finding V that when appellant Richard D. Edwards executed the earnest money agreement, it contained no legal description of the real estate but did contain the words: "1136 Vandalia Legal Des. to be entered by agent," and that within a day or two thereafter the real-estate agent inserted the legal description of the property in the agreement and advised the appellant Richard D. Edwards of such insertion. The court further found that this insertion was made in accordance with the above quoted provisions of the agreement.

Appellants contend that the insertion of the legal description under the circumstances described in the findings is insufficient to constitute a valid instrument in view of the statute of frauds because, as they contend, the trial court did not find any authority given by them, either in writing or orally, to the real-estate agent to insert the description. In support of this contention appellants rely strongly on the decision of this court in *Leo v. Casselman,* 29 Wn. (2d) 47, 185 P. (2d) 107, which is claimed to be "on all fours" with the case at bar.

The cited case was an action by a realtor upon a listing agreement to recover his commission. The listing agreement contained this description of the property:

"DESCRIPTION Casselmans Service, 96 & Waller Road. Building Good Will Legal Disc. on back."

On the day following the execution of the listing agreement by the property owners the real-estate agent endorsed the legal description on the back of the agreement.

After thoroughly reviewing the evidence (there being in the record in that case a statement of facts certified by the trial judge), this court held that no definite authority had been given to the agent to place the legal description on the back of the listing agreement. In holding that the realtor was consequently not entitled to recover his commission, the basis of this court's decision was stated in the following language:

"Appellant contends that parol authority 'to fill in the description of the real property exists, where such authority is reasonably implied, or actually given,' and cites several authorities, among which are: 16 Am. Jur. 584; *Chicago Title & Trust Co. v. O'Marr,* 18 Mont. 568, 46 Pac. 809; *Barth v. Barth,* 19 Wn. (2d) 543, 143 P. (2d) 542.

"In *Grammer v. Skagit Valley Lbr. Co.,* 162 Wash. 677, 299 Pac. 376, this court held that in a contract between an owner and the broker for the sale of real estate, it was necessary that the real property be described with particularity. Accord: *Martinson v. Cruikshank,* 3 Wn. (2d) 565, 101 P. (2d) 604.

"Conceding, for the purpose of argument, that the authorities cited by appellant state the law, we do not find that any definite authority was given to appellant's agent to complete the instrument by placing on its back page a particular description of the land. *The statements made by respondents did not amount to the giving of authority to complete the instrument by placing thereon a legal description of the real property.* The most that respondents agreed to, was that appellant's agent could secure a description of the land if he wanted to put it on the listing agreement 'right away.'

"The contract entered into between respondents and appellant was void because it did not comply with the statute of frauds by setting out a description of the real property which was the subject of the listing agreement." (Italics ours.)

The cited case is readily distinguishable from the case at bar because in the *Casselman* case the instrument itself

contained no authorization to any person to place the description on the back thereof, while here, the earnest money receipt expressly provided that the description was to be entered by the agent. Furthermore, in the *Casselman* case the attempt to prove parol authority to insert the description was held insufficient. In the present case there was no need to prove parol authority for the reason that the trial court found that the description was inserted in the earnest money agreement by the real-estate agent in accordance with the provision thereof reading: "Legal Des. to be entered by agent."

The only reasonable conclusion that can be drawn from the findings in this case is that the agent was authorized by the instrument itself to insert the description therein and that he did so in compliance with this authority. This having been done in the manner stated in the findings, the earnest money agreement was complete and constituted a valid instrument under the statute of frauds.

The trial court further found in finding VII:

"That the plaintiffs in instituting the above entitled action have indicated that they refuse to complete the purchase of the above described property as called for in the contract designated as defendant's Exhibit '7,' and the plaintiffs have failed and refused to perform said contract. That the defendant has heretofore notified the plaintiffs that he has elected to declare the earnest money deposited under said earnest money agreement as forfeited because of the failure of the plaintiffs to complete said agreement according to the terms thereof."

Since the instrument involved in this case complied with the statute of frauds and was valid, and since appellants refused to complete the purchase of the property described therein, the respondent was entitled to forfeit the earnest money paid thereunder in accordance with its terms.

We are of the opinion that the findings support the trial court's judgment of dismissal of appellants' complaint, and its judgment is accordingly affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and GRADY, JJ., concur.