[No. 31339. Department Two. July 3, 1950.]

HENRY A. STENSON *et al., Respondents,* v. G. S. THRUSH, *Individually and as Administrator, Appellant.*[1]

*G. E. Lovell,* for appellant.

*Randall & Danskin* and *A. A. Lundin,* for respondents.

MALLERY, J.—During the first part of July, 1948, plaintiffs Stenson, who were looking for a business to purchase, read an ad in a Spokane paper listing a service station and grocery store property owned by defendants Thrush. The ad was inserted in the paper by defendant Jack Hanson, a real-estate broker. The ad represented the property as producing a net income of seven thousand dollars per year. The Stensons contacted Hanson, and inspected the property in his company. On Sunday, July 31st, the Stensons again visited the property with Hanson, and asked to see the books. Thrush opened a book and showed them one page. On the following Tuesday, August 2nd, the plaintiffs entered into an agreement to purchase, and the deal was made on August 4th, when the Stensons made the first payment. The selling

[1]Reported in 219 P. (2d) 977.

price of the property was twenty-three thousand dollars. Plaintiffs did not enter into actual possession until August 23rd, due to the fact that they were unable to obtain a beer license before that date. Subsequent to the events of August 4th, it developed that the water supply to the property was cut off, and plaintiffs were obliged to have a well dug. It also developed that the supplies were depleted below what they had appeared to be as of August 2nd, when note was first taken of them.

When it appeared that the property was not producing a net income of seven thousand per year, but was in fact losing money, the plaintiffs brought this action for damages, alleging that the following representations had been fraudulently made:

"(a) That the business conducted on said property nets Seven Thousand Dollars (7,000.00) per year.

"(b) That the stock of goods, wares and merchandise on hand at the time said Agreement to Purchase was entered into was of the value of $1,500.00, and that the defendants would maintain and turn over the same amount of stock to the plaintiffs at the time of delivery.

"(c) That the defendants had obtained and secured a regular source of supply of domestic water which was available to plaintiffs to replace the existing supply."

A judgment was entered on the verdict of the jury against the defendant Thrush, individually, and as administrator of his wife's estate, and against defendant Jack Hanson, the realtor. Mrs. Thrush, originally a defendant, died before the trial. Thrush, individually, and as the administrator of his wife's estate, appealed. Defendant Hanson did not appeal.

It is apparent that respondents' case is built mainly around the representation that the property produced a net income of seven thousand dollars per year. This representation was inserted in the paper by the real-estate broker, and there is no evidence to indicate that it was done with the knowledge or consent of the seller. Nor is there any evidence that the appellant saw this representation after it appeared.

■ A real-estate broker is, generally, a special agent with limited powers and is, therefore, closely restricted within the terms of his agency. 8 Am. Jur. 1016, 1017, § 59. Hanson was given the property to advertise, and his implied authority extended no further than to describe the property, and to obtain a purchaser. The powers of a real-estate broker in this state have long been subject to limitations, and one dealing with him is chargeable with notice of the limitations of his power. *Kosten v. Fleming*, 15 Wn. (2d) 523, 131 P. (2d) 170; *Pacific Mutual Life Ins. Co. v. Munson*, 115 Wash. 119, 196 Pac. 633. The fraudulent representations of Hanson, the special agent, were not those of Thrush, in the absence of actual authority to make them.

■ In connection with this aspect of the case, the appellant assigns as error the giving of instruction No. 6, which reads as follows, in so far as it is pertinent:

"In this connection you are further instructed that if you find from evidence that is clear and convincing that the said Jack Hanson, as agent for the other defendants, made any false and fraudulent representations or caused the same to be made by way of advertisements in connection with the property referred to in the testimony that such acts on his part, if any, would be acts of the defendants Thrush and they would be liable for the same."

This instruction is not in accord with the principle discussed above, and was reversible error. *Samson v. Beale*, 27 Wash. 557, 68 Pac. 180.

Since a new trial must be granted, we observe, with regard to issues which may again arise upon retrial, that, if the alleged representations involving the water were made after the contract became binding, they could not have played a part in inducing the prior purchase. This is apropos of testimony to the effect that the question involving the water did not arise until after the purchase of the property.

The agreement to purchase set forth, in effect, that the seller would maintain the amount of stock that was inventoried at the time it was entered into until the delivery of the property. If no complete inventory was taken by either

party at any time, the evidence may again be so vague as to fall in the realm of speculation and not present a jury issue.

The judgment is reversed as to the appellant, and the cause remanded for a new trial.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.