[No. 32550. Department One. January 4, 1954.]

ALLEN BURT, *Respondent*, v. EDWARD M. HEIKKALA *et al.*, *Appellants*.[1]

*Ned Hall,* for appellants.

*Dale W. Read,* for respondent.

[1]Reported in 265 P. (2d) 280.

MALLERY, J.—The plaintiff is a real-estate broker licensed to do business in Washington and Oregon. On May 8, 1951, defendants gave him an exclusive agency for six months to sell their theatre in Woodland, Washington. The pertinent part of the listing contract provides:

"FOR VALUE RECEIVED, you [plaintiff] hereby are employed to sell or exchange the business, personal property and lease, if any, as described hereon and given the exclusive right to sell or exchange the same at the price and terms noted. . . . In the event that you . . . shall find a buyer ready and willing to enter into a deal . . . or in the event of any sale, exchange, assignment or transfer of said business, . . . while your employment remains exclusive or that during your employment, whether on an exclusive or non-exclusive basis, you place me [defendants] in contact with a buyer to whom at any time within 90 days after the termination of said employment I may sell, assign or transfer said personal property, . . . I hereby agree to pay you in cash for your services a commission equal in amount to 10% of said selling price. . . . *The exclusive character of this agreement expires at midnight on 11-8, 1951* . . . After the date last mentioned, this contract will continue in force as a non-exclusive listing in every respect as above set forth until cancelled by me in writing or until the property is sold. In case I withdraw the authority hereby given during the time your employment remains exclusive, I agree to pay the said commission just as if a sale had been consummated by you. . . ." (Italics ours.)

In June, 1951, plaintiff showed the property to one E. H. Dickenson, a prospective buyer from Los Angeles. No sale was consummated on that occasion, but, in September, 1951, Dickenson wrote to defendants about the property. In a letter to plaintiff on September 20, 1951, defendants said:

"This is to notify you that as of November 8, 1951, I am terminating your exclusive listing on the sale of the Woodland Theater."

The exclusive feature of the listing contract expired by its own terms on November 8, 1951, so that the letter meant nothing and accomplished nothing, unless it terminated the nonexclusive feature of the contract ninety days thereafter, to-wit: February 8, 1952.

Dickenson secretly checked the amount of the theatre admissions at a later time, and, in November, 1951, talked with defendants again about buying the theatre.

Defendants thereafter introduced Dickenson in the community of Woodland as a buyer or prospective buyer of the theatre. Dickenson sold his home in Los Angeles, bought a home in Woodland, Washington, on January 16, 1952, and moved into it the same month. The nonexclusive feature of the listing contract was not terminated on any theory prior to February 8, 1952. Instruments of conveyance of the property were executed and delivered on February 9, 1952, consummating a sale upon the same terms as those in the listing agreement, except that the purchase price was reduced by substantially the amount of the broker's commission.

Plaintiff took the position that the sale had been agreed to by defendants and Dickenson during the existence of his agency contract, and that the execution and delivery of the instruments of conveyance were delayed until after February 8th, to-wit: February 9, 1952, to escape paying his commission. He brought this action accordingly, and secured judgment for his commission. The defendants appeal.

Plaintiff still adheres to this theory of the case in support of the judgment, although the trial court decided the case upon a different ground. Plaintiff may urge error of a theory or finding of the trial court, in support of a judgment, without cross-appealing. *Trudeau v. Pacific States Box & Basket Co.*, 20 Wn. (2d) 561, 148 P. (2d) 453, and *Truck Ins. Exchange v. Hanson*, 42 Wn. (2d) 256, 254 P. (2d) 494.

We agree with plaintiff that it is inconceivable that Dickenson would have sold his home in Los Angeles and moved to Woodland, Washington, in January, without having agreed with defendants to purchase the theatre. It may very well be that it was an oral understanding or arrangement and was voidable under the statute of frauds, but that does not make it a nullity. In any event, this is not an action on that agreement. It is simply before us, together with all

the other circumstances surrounding the transaction, as evidence that plaintiff produced a buyer who arranged the purchase of the theatre during the life of the agency contract. It is the production of a person ready, willing, and able to buy that entitles a broker to his commission, not the final closing of a deal. *Bloom v. Christensen,* 18 Wn. (2d) 137, 138 P. (2d) 655, and *Johnston v. Smith,* 43 Wn. (2d) 603, 262 P. (2d) 530.

The judgment is affirmed.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.