[No. 33767.   Department One.   May 9, 1957.]

GEORGE H. BRINK *et al., Respondents,* v. PHILIP L. MARTIN, *Appellant.*[1]

*Carkeek, Harris, Harris, Myers & Vertees,* for appellant.

*MacDonald, Hoague & Bayless,* for respondents.

OTT, J.—This is an action instituted by prospective purchasers of real estate to recover damages from a real-estate broker and his agent, alleging negligence in the preparation of an earnest-money receipt and agreement. The cause was tried to the court and, from a judgment in favor of the prospective purchasers, the broker has appealed.

The facts are substantially as follows: The appellant, Philip L. Martin, doing business as the Boulevard Park Realty, had an open listing from the owners of certain residence property located in Seattle.

The respondents, George H. Brink and wife, were shown the property by Sylvia Dordett, an employee of the appellant. The property was listed to be sold for ten thousand nine hundred fifty dollars. The respondents offered ninety-

[1]Reported in 310 P. (2d) 870.

eight hundred dollars. Sylvia Dordett prepared an earnest-money receipt and agreement, in which the property was described as it was in the listing, "1603 South 128th, Seattle 88, Washington." The earnest-money receipt and agreement contained the offered purchase price, together with terms for the payment of the balance, after applying five hundred dollars which the respondents tendered by check as the earnest money and down payment. The earnest-money receipt and agreement was signed by the respondents and, later, by the owner and his wife.

The evidence established that the house was upon property which the sellers contemplated subdividing, and selling only a portion thereof. At the time the respondents entered into the earnest-money receipt and agreement, there was no metes and bounds description of the area which the purchasers intended to purchase and the sellers intended to sell. The evidence was in dispute as to whether the purchasers knew of the proposed subdivision.

Sylvia Dordett contacted the owners to obtain a legal description, by metes and bounds, of the property to be sold. The owners refused to give such a description. Sylvia Dordett conveyed this information to her employer, Philip L. Martin, at which time, he was first apprised of the nature of the description that had been used in the earnest-money receipt and agreement. Appellant, Philip L. Martin, then contacted the owners to obtain a proper legal description. The request was refused.

Thereafter, the respondents, by letter, made demand upon the owners for a legal description of the premises. The owners, through their attorney, again refused, and gave as their reason for refusal the fact that the signed earnest-money receipt and agreement was not an enforcible contract.

The respondents then demanded return of the earnest money from the appellant. The payment was refunded. Some five months later, the owners sold the property through another real-estate agency for ten thousand five hundred dollars.

The court dismissed Sylvia Dordett from the suit with prejudice, for the stated reason that she was an innocent party to the transaction, and allowed judgment against the appellant, Philip J. Martin, for seven hundred dollars and costs.

The theory upon which the respondents based this action was the alleged negligence of Sylvia Dordett, in that she volunteered to draft an earnest-money receipt and agreement which would constitute a valid offer and, when the offer was accepted, would be a binding and enforcible contract of sale between the respondents and the owners; that the respondents relied upon the representations and refrained from seeking other means or methods for properly drafting a binding agreement; that the earnest-money receipt and agreement was unenforcible for the reason that it was negligently drafted, in that the legal description was omitted, and that, as a direct and proximate result of the negligence, the respondents were damaged.

The evidence established that the earnest-money receipt and agreement was prepared by Sylvia Dordett, and that the appellant, Philip L. Martin, was not aware of the nature of the agreement until the owners had withdrawn their offer to sell.

■ The court dismissed appellant's employee from the proceeding for the reason that she was not negligent. If the agent was not negligent, the principal, whose liability is solely vicarious, is likewise free of negligence. *Doremus v. Root*, 23 Wash. 710, 63 Pac. 572 (1901); *Morris v. Northwestern Imp. Co.*, 53 Wash. 451, 102 Pac. 402 (1909).

■ Secondly, both Sylvia Dordett and Philip Martin were agents of the owners, and not agents of the prospective purchasers. They owed no duty to the prospective purchasers to prepare an enforcible contract. The record does not indicate that the broker, as agent for the owners, breached the instruction of his principals.

■ Even a qualified draftsman could not have prepared an enforcible contract without a valid legal description. *Martin v. Seigel*, 35 Wn. (2d) 223, 212 P. (2d) 107, 23 A. L. R. (2d) 1 (1949). Nor is there any evidence that, had

an enforcible contract been drawn, the owners would have signed such an agreement.

For the reasons stated, the judgment is reversed, and the cause remanded with instructions to enter a judgment of dismissal.

HILL, C. J., MALLERY, FINLEY, and WEAVER, JJ., concur.