[No. 35502. Department Two. July 27, 1961.]

CLYDE H. HERRMANN, *Respondent*, v. GEORGE HODIN, *Individually and as Executor, Appellant*, JOHN H. MORSE, *Defendant*.*

*Joseph P. Delay*, for appellant.

OTT, J.—George Hodin offered a part of his real property in Spokane county for sale. Clyde H. Herrmann, who was interested in buying it, and John H. Morse, Hodin's realtor, viewed the area, the corners of which Hodin had marked on the ground by wooden stakes. When Herrmann looked down the staked boundary line, it appeared to him that the proposed west line nearly bisected the barn, which had been represented to be located entirely upon the property being offered for sale. Morse assured Herrmann that Hodin would convey enough land to the west to clear the barn. Morse had a metes and bounds description of the staked area. Morse and Herrmann agreed upon the terms of sale and signed an earnest-money agreement which contained the metes and bounds description of the property, and

*Reported in 364 P. (2d) 21.

these words: "including sufficient land to clear the barn to the west."

Herrmann and Hodin later could not agree on provisions of the contract which involved matters other than the area west of the barn. Herrmann then commenced an action against Hodin and Morse for damages and for specific performance of the earnest-money agreement. During the trial, Herrmann withdrew his cause of action for damages, and only the cause of action for specific performance of the earnest-money agreement remained. Morse was thereupon dismissed because he had no interest in the real estate.

At the close of plaintiff's evidence, Hodin moved for dismissal of the action for the reason that the earnest-money agreement did not contain a sufficient description to support an action for specific performance and, therefore, was void by virtue of the statute of frauds. The court denied the motion. Hodin stood upon the insufficiency of plaintiff's evidence and offered none. The court reformed the description by extending the entire west line of the property a sufficient distance to clear the barn. Hodin has appealed from the judgment which directed him to perform the contract.

The appeal presents a single question: Is a real-estate description in an earnest-money agreement which states, "sufficient land to clear the barn to the west," a memorandum definite enough to satisfy the statute of frauds and support an action for specific performance? We think not.

A real-estate description which defines the area to be conveyed as "sufficient land to clear the barn" requires oral testimony to locate it. The earnest-money agreement does not refer to another written instrument from which an adequate description could be obtained.

In *Martinson v. Cruikshank*, 3 Wn. (2d) 565, 101 P. (2d) 604 (1940), we said:

"In a long line of decisions, we have held that, in order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony. [Citing cases.]"

In *Bigelow v. Mood*, 56 Wn. (2d) 340, 353 P. (2d) 429 (1960), we said:

"We have held consistently that, in order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony, or else it must contain a reference to another instrument which does contain a sufficient description. [Citing cases.]"

Applying these tests of adequacy to the description in the earnest-money agreement here in question, the description was insufficient to meet the requirements of the statute of frauds; hence, specific performance of the contract cannot be ordered by the court.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

MALLERY, DONWORTH, and HUNTER, JJ., concur.

FINLEY, C. J. (concurring in the result)—The decisions of this court as to legal documents concerning the sale of land and involving application of the statute of frauds have established a standard or policy respecting legal descriptions which discounts conjecture and strongly emphasizes certainty.

In the instant case the language of the purported agreement is subject to several interpretations when considered in the light of the crucial question: What quantity of land (dimensions or boundary lines) would be necessary "to clear the barn?" The language of the purported agreement does not answer the crucial question with sufficient certainty; hence, specific performance cannot be granted without violating the long-standing policy of this state established as aforementioned in other cases of this nature. On this basis I concur in the result reached by the majority.