[No. 343-3.   Division Three.   November 17, 1971.]

T. E. McKoin, *Respondent and Cross-appellant,* v. Bernard M. Kunes *et al., Appellants.*

*Darrell E. Ries* (of *Ries & Kenison*), for appellants.

*Milburn D. Kight* (of *Davis, Arneil, Dorsey & Kight*), for respondent and cross-appellant.

Green, J.—Plaintiff, T. E. McKoin, d/b/a McKoin & Noyd, brought an action to recover a real estate broker's commission from defendants, Bernard M. and Ruth L. Kunes. From a verdict in favor of plaintiff, defendants appeal.

Plaintiff, a licensed real estate broker, was contacted by defendants concerning a sale of their property located in Grant County, near Stratford. Plaintiff turned the transaction over to one of his salesmen, Marlin Campbell. The subject property was shown to Campbell by defendants. On

May 22, 1969, defendants signed a sales agency contract. Campbell signed it as agent for plaintiff. The subject property contains 250 acres, consisting of 8 acres of orchard land and 242 acres of grazing land. Defendants also own other property in Grant County.

The contract contains a detailed description of the buildings on the premises, the type of well, source of irrigation, a listing of personal property including farm equipment, sprinkler system, the amount of lake frontage, and the distance to local schools. At the time the agreement was signed, the legal description was not set forth or attached. On this point the contract provided:

> [Agent has had pointed out to him the property herein desired to be sold.] In the event that the legal description is omitted, incomplete or inaccurate, agent is authorized to write in or attach hereto the correct legal description on this listing agreement.

Thereafter, Campbell inserted an inaccurate legal description. Later, plaintiff inserted a more detailed but still incomplete legal description of defendants' farm.

On May 29, 1969, plaintiff through his agent Campbell prepared an earnest money agreement which was signed by defendants as sellers, and one Sav-Mart Associates, as purchaser. The agreement was executed by Lonnie D. DeCamp, president of Sav-Mart, Inc. The earnest money agreement contained the phrase, "Description to be attached by consent of Seller and Purchaser from Title report." On June 1, with the consent of defendants, Sav-Mart began tending the orchard property and continued to do so until about June 20.

The earnest money agreement was returned to plaintiff's office on June 2 and a title report ordered on June 9. The preliminary commitment for title insurance dated June 10 was mailed to plaintiff on June 12 and received in plaintiff's office on June 13. On June 16 a copy of the title report was attached to the sales agency agreement and to the earnest money agreement.

After distribution of the preliminary title report to the

parties, certain questions arose concerning water rights and insurable title on one parcel of the farm. As a result, plaintiff called a meeting of the parties on June 18. These matters were resolved to the mutual satisfaction of the parties. While the testimony is in conflict, defendant husband testified that for personal reasons the transaction had to be closed by June 20; otherwise, he would cancel the sale. Plaintiff was unable to obtain the prepared written contract until June 23, 1969. On June 24 plaintiff received a letter from defendants' attorney[1] dated June 23, stating they desired to cancel the earnest money agreement and listing.

Plaintiff commenced this action based upon the following language contained in the sale agreement:

> During the life of this contract, if you find a buyer who is ready, able and willing to buy said property at said price and terms, . . . I agree to pay you a commission of ................ of the sale price . . .

A commission of $6,000 was inserted as the agreed commission. The listing was to be effective until August 22, 1969.

Defendants allege 11 assignments of error directed to the trial court's findings, conclusions and judgment. It is contended there are three reasons why the trial court committed these errors: (1) the sales agency contract was void because it did not contain a proper legal description at the time of execution as required by the statute of frauds, RCW 19.36.010; (2) the prospective purchasers were not ready, willing and able to purchase on the terms stated in the sales agency agreement; and (3) the offer contained in the earnest money receipt and agreement expired because the transaction was not closed within 10 days after delivery of the preliminary report of title insurance.

First, defendants contend the sales agency agreement is not enforceable because it does not satisfy RCW 19.36.010 which provides in part as follows:

> In the following cases specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or

---

[1] This is not the attorney representing defendants in this case.

memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission.

In support of this contention defendants rely upon *Leo v. Casselman*, 29 Wn.2d 47, 185 P.2d 107 (1947); *Brink v. Martin*, 50 Wn.2d 256, 310 P.2d 870 (1957); *Schweiter v. Halsey*, 57 Wn.2d 707, 359 P.2d 821 (1961); *Herrmann v. Hodin*, 58 Wn.2d 441, 364 P.2d 21 (1961). The rule established by these decisions is as stated in *Herrmann* at 443:

In *Bigelow v. Mood*, 56 Wn. (2d) 340, 353 P. (2d) 429 (1960), we said:

"We have held consistently that, in order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony, or else it must contain a reference to another instrument which does contain a sufficient description. [Citing cases.]"

We do not believe the rule enunciated in these cases controls the instant case.

Here the sales agency contract expressly authorizes the agent to attach or write in the correct legal description. In *Edwards v. Meader*, 34 Wn.2d 921, 210 P.2d 1019 (1949), it was held that where language in a signed agreement provided the agent could later enter the legal description, the entering of such description by the agent satisfied the statute of frauds. In *Edwards*, the court distinguished the rule contended for by defendants, stating at page 924:

The cited case is readily distinguishable from the case at bar because in the *Casselman* case [29 Wn.2d 47, 185 P.2d 107 (1947)] the instrument itself contained no authorization to any person to place the description on the back thereof, while here, the earnest money receipt expressly provided that the description was to be entered by the agent. . . . In the present case there was no need to prove parol authority for the reason that the trial court found that the description was inserted in the ear-

nest money agreement by the real-estate agent in accordance with the provisions thereof reading: "Legal Des. to be entered by agent."

*In accord see Noah v. Montford,* 77 Wn.2d 459, 463 P.2d 129 (1969).

Defendants contend the rule in *Edwards* should be limited to residential property. They argue that, in any event, *Edwards* is distinguishable for the reason the instrument authorizing the insertion of the description identified the property as "1136 Vandalia" in the city of Bremerton thereby indicating the property being sold; whereas, in the instant case the property is described only as "B. M. Kunes —Stratford Lake property." The agreement in the instant case includes, in addition to the reference quoted by defendants, also a physical description of the buildings, pump, well, extent of lake frontage, distance from schools, together with acreage. Even the acreage is divided into orchard land and other land. In this setting we are unable to distinguish *Edwards*.

█ Second, defendants claim the trial court erred in finding that plaintiff secured a purchaser who was ready, able and willing to buy defendants' real property upon terms agreed on in writing by defendants within the life of the sales agency contract. We have carefully reviewed the entire record. There is substantial evidence to support this finding and therefore it will not be disturbed. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). It is defendants' position that since the proposed contract varied from the terms of the earnest money agreement, the purchasers were not ready, willing and able buyers. The proposed contract of sale changed the name of purchasers from "Sav-Mart Associates" to "Stratford Lake Associates" and inserted a disaster clause. No discussion occurred at the meeting of June 18 as to changing the name of the purchasers. There is substantial evidence the parties agreed upon the insertion of a disaster clause in the contract. In any event, defendants were entitled to have the sale closed according to the terms of the earnest money

agreement and there is sufficient testimony to support the conclusion that Sav-Mart was willing to do so. *See Burt v. Heikkala*, 44 Wn.2d 52, 265 P.2d 280 (1954). We find no merit to defendants' position.

Finally, defendants contend the earnest money receipt and agreement expired when the transaction was not closed within 10 days after the title report was issued; therefore, defendants were justified in cancelling the transaction. The earnest money receipt and agreement provided the sale was to be closed "within 10 days after the insurance policy or report preliminary thereto is delivered showing title insurable." The title report disclosed that title to one portion of the property was clouded. A correction deed was necessary to clear title to this parcel. It seems clear the 10-day time period did not begin to run until the title was clear and insurable. The testimony upon trial reflects the correction deed was never secured. The record shows the parties agreed at the June 18 meeting that such deed would be obtained; however, the testimony is in direct conflict as to whether it would be accomplished by the broker or the defendants. This was a question of fact for the trial court and was decided in favor of plaintiff. This finding will not be disturbed. *Thorndike v. Hesperian Orchards, Inc., supra.*

Plaintiff has cross-appealed, assigning error to the court's failure to award a reasonable attorney's fee. The sales agency contract provided that "in case of the employment of an attorney to enforce any terms of this agreement," defendants would pay "a reasonable attorney's fee and all costs of collection." The trial court reasoned that since the transaction was never completed, plaintiff was not entitled to reasonable attorney's fee. This was error. The sales agency contract provided the plaintiff was to procure a buyer who was ready, able and willing to buy. This the plaintiff did. When plaintiff procured a buyer, this clause in the contract became effective. *Burt v. Heikkala, supra.* The employment of an attorney to enforce its terms was contemplated.

Judgment is affirmed, except as to that portion denying a

reasonable attorney's fee to plaintiff, which portion is reversed and remanded to the trial court for the determination and entry of an award of a reasonable attorney's fee to plaintiff.

MUNSON, C.J., and EVANS, J., concur.