[No. 340-3.  Division Three.  November 17, 1971.]

JIM HOUSE, *Respondent,* v. HAROLD ERWIN et al., *Appellants.*

*John Hancock,* for appellants.

*Kelly Hancock,* for respondent.

GREEN, J.—Plaintiff, Jim House, a real estate broker, brought an action against defendants, Harold Erwin, Chris E. Albrecht and Effie M. Albrecht, to recover a commission. Defendants appeal from a judgment for plaintiff.

On February 24, 1969, defendants signed a nonexclusive listing agreement on a printed form provided by plaintiff. At the time of execution, the agreement described the property as follows:

Description: 534 acres, known as Albrecht-Erwin Ranch farm or ranch described as  *Legal to be attached*

. . . ; *for better description see owner's title deed on record, now made a part hereof.*

(Italics ours.) The lower half of the agreement set forth certain data as to acres, crop land, irrigation, improvements and general location. No legal description was contained in the document at the time it was signed. The selling price, free of encumbrances, was $175,000 with the terms open. It included 100 head of cattle and farm implements.

In late March or early April, 1969, plaintiff obtained a legal description from a title company and attached it to his copy of the listing agreement. Thereafter, plaintiff inquired as to the selling price without cattle. Defendants stated they would sell for $150,000 without cattle; further, they wanted 29 per cent down. The description and additional terms were attached to and written upon plaintiff's copy of the listing agreement by plaintiff without the knowledge or approval of defendants.

Plaintiff advertised the property in several newspapers. In late September or early October, 1969, Carl Voelckers went to plaintiff's office about closing time with a copy of plaintiff's ad in the *Washington Farmer* and inquired about it. Plaintiff gave him full particulars about the farm, showed him a map and pictures, and told Voelckers he could go out and see it. Voelckers left alone. The next morning plaintiff telephoned Chris Albrecht, told him about his conversation with Voelckers and that he suspected Voelckers would look at the farm. Albrecht told plaintiff Voelckers had called the night before wanting to talk to Harold Erwin. In October or November, 1969, plaintiff asked Erwin about Voelckers. Erwin stated Voelckers didn't want the cattle ranch. Later in November, plaintiff made further inquiry of Albrecht who also said Voelckers was not interested.

About March 7, 1970, plaintiff saw Erwin and showed him an ad he was about to run in three newspapers. A copy of the ad appearing in the Wenatchee paper on March 16 was mailed to defendants. A few days prior to March 22, as plaintiff was driving into Omak, Erwin stopped him and

told him they had sold the ranch. Erwin said he could not tell him the name of the purchaser but it was someone from the area. Later, plaintiff telephoned Erwin who still refused to reveal the name. In April, 1970, through a title company, plaintiff discovered defendants sold their farm, cattle and implements to Voelckers on contract for $175,000.

Twenty-four assignments of error are directed to the trial court's findings and conclusions, and the refusal to enter certain proposed findings, conclusions and judgment. These claimed errors raise two questions.

■ First, is the document entitled "Real Estate Broker's Employment Contract" within the statute of frauds and therefore void? We reach the conclusion that it is. RCW 19.36.010 provides:

> In the following cases specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission.

Considering this statute in *McKoin v. Kunes*, 5 Wn. App. 731, 490 P.2d 735 (1971), decided this date, we said:

> The rule established by these decisions is stated in *Herrmann* [*Herrmann v. Hodin*, 58 Wn.2d 441, 364 P.2d 21 (1961)] at 443:
>
>> In *Bigelow v. Mood*, 56 Wn. (2d) 340, 353 P. (2d) 429 (1960), we said:
>>
>> "We have held consistently that, in order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony, or else it must contain a reference to another instrument which does contain a sufficient description. [Citing cases.]"

Our court has rigidly adhered to this rule. *Grammer v. Skagit Valley Lumber Co.*, 162 Wash. 677, 299 P. 376

(1931); *Martinson v. Cruikshank,* 3 Wn.2d 565, 101 P.2d 604 (1940); *Leo v. Casselman,* 29 Wn.2d 47, 185 P.2d 107 (1947); *Heim v. Faulstich,* 70 Wn.2d 688, 424 P.2d 1012 (1967).

Only if the listing agreement *expressly* authorizes the agent to attach or write in the correct legal description has the court held there is a valid compliance with the statute of frauds where the description was omitted when the agreement was signed. *Edwards v. Meader,* 34 Wn.2d 921, 210 P.2d 1019 (1949); *Noah v. Montford,* 77 Wn.2d 459, 463 P.2d 129 (1969); and *McKoin v. Kunes, supra.*

In the instant case we are unable to find any *express* authorization for the agent to attach or write in a legal description. In this respect this case differs from the *McKoin, Noah* and *Meader* cases. The trial judge in his oral remarks said that this issue was the "tightest question" he had to decide. He acknowledged the phraseology "legal to be attached" standing alone would not authorize plaintiff to attach the legal description and thereby satisfy the statute of frauds. However, he held the provision "for better description see the owner's title deed on record, now made a part hereof" granted authority to plaintiff to go to the record, secure the description and attach it to the agreement. We are unable to find such *express* authority from these two phrases. Neither does the attempted incorporation by reference of the owner's title deed satisfy the statute. The evidence shows defendants had a deed of record to other property in the county. Oral testimony is required to show that such deed was not the deed referred to in the listing agreement. Moreover, defendants did not have a deed to the farm, but held only a contract interest.

In the absence of *express* authorization for plaintiff to attach or write in the correct description, the listing agreement runs afoul of the statute of frauds and is void. To hold for plaintiff under the terms of the instant listing agreement would, in the opinion of this court, unduly extend the limited rule of *Edwards v. Meader, supra,* and completely emasculate RCW 19.36.010 as to brokers' listing

agreements. Such extension should be reserved to the legislature.

In view of our holding, it is unnecessary for us to decide whether plaintiff was the procuring cause of the sale to Voelckers.

Judgment reversed.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied December 15, 1971.

Review granted by Supreme Court January 26, 1972.