[No. 1388-1. Division One—Panel 2. March 26, 1973.]

JOHN J. NELSON et al., *Appellants*, v. EDITH JANE HARKNESS, *Respondent*.

*McBee & Lewis* and *Alfred McBee*, for appellants.

*Martin, Niemi, Burch & Mentele* and *Edward C. Burch*, for respondent.

WILLIAMS, J.—The plaintiffs, John J. Nelson and Margaret E. Nelson, husband and wife, as vendees in a contract

for the sale of real estate, brought this action seeking a money judgment against the defendant, Edith Jane Harkness, as vendor in the contract for misrepresentation concerning a flooding condition of the land sold. The cause was tried to the court sitting with a jury and resulted in a verdict in favor of Mrs. Harkness. From the judgment entered thereon, the Nelsons appeal.

The facts essential to be stated are these: A real estate salesman named Leonard Lindberg asked Mrs. Harkness for a chance to sell her 50-acre farm, which is located on the east bank of the Nooksack River in Whatcom County. She granted permission, the sale to be for $50,000 with $20,000 down and the real estate commission 10 percent. Lindberg placed an ad in a Seattle newspaper. Nelson answered the ad and, with Lindberg, viewed the property. They visited with Mrs. Harkness, who lived there, but nothing definite was discussed. A week or so later, Lindberg called at Nelson's apartment in Seattle, where Nelson made an offer containing a sale price of $50,000, $15,000 down, and some other provisions, only one of which is pertinent to this case. Lindberg prepared an earnest money agreement which Nelson signed. He then took the agreement to Mrs. Harkness, who, following an adjustment as to the downpayment, also signed.

The critical provision in the agreement is that the "property has not flooded in 33 years." The testimony differs as to how the statement got there and Mrs. Harkness' position as to it. Nelson testified that Lindberg put it in when preparing the agreement in Nelson's apartment. Lindberg said in his deposition, which was published at the trial, that he added it at Mrs. Harkness' home when she signed the agreement. Mrs. Harkness states that it was there when the agreement was presented to her for her signature and she instructed Lindberg to strike it out.

Subsequently, a standard real estate contract was signed by the parties. It contained no provision as to flooding. At the trial, Nelson introduced evidence that the property did flood and was worth less because of it.

The principal question presented to the jury under the instructions was whether Lindberg was acting as the agent of Mrs. Harkness, thereby binding her to the representation as to flooding, or whether he was an independent contractor who, if the jury believed her testimony, had neither actual nor implied authority to bind her.

The Nelsons contend that the salesman was Mrs. Harkness' agent as a matter of law and the issue should not have gone to the jury. In support of this proposition, they refer to *Henderson v. Johnson*, 66 Wn.2d 511, 403 P.2d 669 (1965) wherein the Supreme Court cited *Gnash v. Saari*, 44 Wn.2d 312, 320, 267 P.2d 674 (1954) which said:

> Where the facts disclose that the real-estate agent had either express or implied authority from the seller to make the representations, the seller will be bound. For example, in the recent case of *Jenness v. Moses Lake Development Co.*, 39 Wn. (2d) 151, 234 P. (2d) 865, this court held that the sellers were bound by the false representations of their real-estate agent, Farrell, concerning the earnings of a tavern, despite the fact that there was no evidence that Farrell had any express authority to make the representations.

and *Brink v. Martin*, 50 Wn.2d 256, 310 P.2d 870 (1957) in which it was stated that ordinarily the salesman is the vendor's agent. They also rely on *Mayes v. Emery*, 3 Wn. App. 315, 320, 475 P.2d 124 (1970) in which it is stated that:

> It is also the rule that when a real estate agent is entrusted with all the negotiations up to the closing of the transaction, there is an implied authority to make representations which will bind the seller. *Jenness v. Moses Lake Dev. Co.*, 39 Wn.2d 151, 234 P.2d 865 (1951).

On the other hand, Mrs. Harkness refers to the rule stated in *Stenson v. Thrush*, 36 Wn.2d 726, 728, 219 P.2d 977 (1950) as follows:

> A real-estate broker is, generally, a special agent with limited powers and is, therefore, closely restricted within the terms of his agency. 8 Am. Jur. 1016, 1017, § 59. Hanson was given the property to advertise, and his im-

plied authority extended no further than to describe the property, and to obtain a purchaser. The powers of a real-estate broker in this state have long been subject to limitations, and one dealing with him is chargeable with notice of the limitations of his power. *Kosten v. Fleming,* 15 Wn. (2d) 523, 131 P. (2d) 170; *Pacific Mutual Life Ins. Co. v. Munson,* 115 Wash. 119, 196 Pac. 633. The fraudulent representations of Hanson, the special agent, were not those of Thrush, in the absence of actual authority to make them.

*Accord, Peoples Nat'l Bank v. Brown,* 37 Wn.2d 49, 221 P.2d 530 (1950).

The trial court believed that neither rule applied as a matter of law and left it for the jury to determine as a question of fact. The Nelsons' theory was fairly presented to the jury in the following instruction:

> You are instructed that when a real estate owner intrusts another with all the negotiations for the sale of property up to the closing of the transaction, that other has implied authority to make representations which will bind the seller.

Instruction No. 9. We agree with the trial court. There was evidence from which the jury could find that Lindberg did have implied authority to bind Mrs. Harkness, and there was evidence that Lindberg was simply trying to put a real estate transaction together from which he would be paid a commission of 10 percent and had authority to do no more than obtain a purchaser. The instruction which the court gave properly identified the issues, and under the evidence the jury was justified in finding that Lindberg was an independent contractor who did not have authority to bind Mrs. Harkness. It was also justified in finding that Mrs. Harkness did order the section on flooding stricken from the earnest money agreement.

The judgment will be affirmed.

HOROWITZ and CALLOW, JJ., concur.