[No. 24572–4–I.   Division One.   August 6, 1990.]

GARY LIEN, *Appellant*, v. DON BARNETT, ET AL, *Respondents*.

*Alvin D. Mayhew, Jr.,* and *Mayhew–Froehling,* for appellant.

*Timothy J. Donaldson* and *Evans, Craven & Lackie, P.S.,* for respondents Barnett.

*Anthony D. Shapiro, Robert J. Rohan,* and *Rohan, Goldfarb, Breskin & Shapiro, P.S.,* for respondent Community Chapel and Bible Training Center.

SWANSON, J.—The plaintiff, Gary Lien, appeals the trial court's order dismissing his complaint for failure to state a claim upon which relief could be granted under CR 12(b)(6). The trial court concluded that the gravamen of Lien's action is a claim for alienation of affections and that the holding of *Lund v. Caple,* 100 Wn.2d 739, 675 P.2d 226 (1984), mandates dismissal. We affirm.

On July 31, 1986, Gary Lien filed suit against Don and Barbara Barnett, the Community Chapel and Bible Training Center (CCBTC), Kathy Butler, and unidentified persons. In his complaint, Lien made the following factual allegations:

FACTS

2.1 That prior to 1975, Kathy Butler and Gary Lien were husband and wife. Two children were born as issue of this marriage: Scott and Randy Lien.

2.2 Gary and Kathy Lien began attending the Community Chapel & Bible Training Center on a regular basis after they married and eventually became members of this church.

2.3 Gary and Kathy Lien spent a great deal of their spare time at the church and were involved in church activities.

2.4 Don Barnett was employed by the Community Chapel and Bible Training Center as a pastor, and served in that

capacity with full knowledge and consent of the officers and directors of the Community Chapel and Bible Training Center.

2.5 As Gary and Kathy Lien became more and more involved in the church activities, they became closer friends with Don Barnett. Because of his position as a pastor, Gary Lien encouraged contact between his family and Don Barnett.

2.6 Unknown to Gary Lien, Don Barnett was making sexual advances towards his wife, Kathy Lien. This began sometime in 1972 and continued thereafter.

2.7 In 1975, Kathy and Gary Lien separated and their marriage eventually ended in divorce.

2.8 The cause of the divorce was the pressure and guilt suffered by Kathy Lien as a result of the advances made by Don Barnett.

2.9 That Gary Lien learned of these events on or about April 22, 1986, and learned that these events were the cause of the breakup of his marriage with Kathy Butler.

In his complaint, Lien alleges that the Barnetts are liable for pastoral malpractice, loss of consortium, intentional infliction of emotional distress, and outrage. Lien's complaint also alleges that CCBTC is liable under the doctrine of respondeat superior and for negligent supervision of employees. Kathy Butler, Lien's ex–wife, filed a separate action against the Barnetts and CCBTC at the same time that Lien filed his action.

## DISMISSAL PURSUANT TO CR 12(b)(6)

The only issue on appeal is whether Lien's complaint states a claim upon which relief could be granted. Lien contends that his complaint states a cause of action for loss of consortium and negligent counseling.[1]

A complaint can be dismissed under CR 12(b)(6) if it fails to state a claim upon which relief can be granted. *Hoffer v. State,* 110 Wn.2d 415, 420, 755 P.2d 781 (1988),

---

[1]Plaintiff's causes of action for the alleged torts of outrage and intentional infliction of emotional distress were dismissed and plaintiff has not assigned error to such dismissals. In any event, such actions cannot be maintained here because the pleading indicates such action occurred outside the plaintiff's presence. *See Lund v. Caple,* 100 Wn.2d 739, 675 P.2d 226 (1984). Further, the causes of action against the Community Chapel cannot be maintained in the absence of liability of its alleged agent. *See Brink v. Martin,* 50 Wn.2d 256, 310 P.2d 870 (1957). Therefore, only the claims for damages based on loss of consortium and negligent counsel remain on appeal.

*aff'd on rehearing,* 113 Wn.2d 148, 776 P.2d 963 (1989). A claim should be dismissed under CR 12(b)(6) only if "'it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.'" *Orwick v. Seattle,* 103 Wn.2d 249, 254, 692 P.2d 793 (1984) (quoting *Corrigal v. Ball & Dodd Funeral Home, Inc.,* 89 Wn.2d 959, 961, 577 P.2d 580 (1978)).

Under CR 12(b)(6), a plaintiff's factual allegations are presumed to be true. *Hoffer,* 110 Wn.2d at 420. Further, a court may consider hypothetical facts not part of the formal record. *Hoffer,* 110 Wn.2d at 420 (citing *Halvorson v. Dahl,* 89 Wn.2d 673, 675, 574 P.2d 1190 (1978)). Therefore, "a complaint survives a CR 12(b)(6) motion if *any* set of facts could exist that would justify recovery." *Hoffer,* 110 Wn.2d at 420.

In dismissing Lien's complaint pursuant to CR 12(b)(6), the trial court found that Lien's claim was "no more than, no matter what you call it, alienation of affections". The tort of alienation of affections has been abolished in Washington and, therefore, an action based solely upon such a theory cannot be maintained. *Lund v. Caple,* 100 Wn.2d at 745.

The elements of the tort of alienation of affections are:

> (1) an existing marriage relation; (2) a wrongful interference with the relationship by a third person; (3) a loss of affection or consortium; and (4) a causal connection between the third party's conduct and the loss.

*Lund,* 100 Wn.2d at 745 (quoting *Carrieri v. Bush,* 69 Wn.2d 536, 542, 419 P.2d 132 (1966)). Lien claims that Barnett's sexual advances toward his wife constitute a breach of Barnett's professional duties as a pastor causing him and his wife to divorce as a result of the pressure and guilt felt by his wife. This amounts to a claim that Barnett, a third person, wrongfully interfered with his marriage relationship resulting in loss of consortium caused by Barnett's conduct. This claim satisfies the elements of an

action for alienation of affections. Barnett and CCBTC, therefore, cite *Lund,* 100 Wn.2d at 745–47, for the proposition that, as a matter of public policy, this suit should be barred as an attempt to sue for alienation of affections under a different label, thus circumventing its prohibition as determined in *Wyman v. Wallace,* 94 Wn.2d 99, 615 P.2d 452 (1980).

In *Lund,* the husband sued a minister who had sexual relations with the husband's wife. The wife did not join in the lawsuit or file an independent action. Although the husband's theory was essentially pastoral malpractice, his claim rested on facts which indicated that his wife's sexual relations with the pastor damaged the marital relationship. The trial court barred the husband's claim as an attempt to sue for alienation of affections under a different label and, thus, circumvent the abolition of the tort of alienation of affections. Our Supreme Court affirmed, holding that the husband's claim was in essence an alienation of affections action and that it was prohibited as a matter of public policy. In reaching this conclusion, the court noted that the wife did not join the lawsuit, thus indicating at least the possibility of a vengeful motive by the husband. Vengeful motive was one of the policy reasons for eliminating actions for alienation of affections but is not an element of an alienation case. The Supreme Court, however, stated that this ruling did not preclude actions for pastoral malpractice when a counselor or pastor "fails to conform to an appropriate standard of care, injures the patient/spouse which in turn results in loss of consortium damages to the other spouse." *Lund,* 100 Wn.2d at 747. In concluding the opinion in *Lund,* the court made the following statement limiting the application of its holding:

> Where, however, the alleged underlying tort is based upon an extramarital relationship with the "impaired" spouse and the "impaired" spouse does not desire to assert a claim, such an action becomes in essence a suit for alienation of affections. Absent the "impaired" spouse's claims, remaining allegations amount to an alienation of affections action, *i.e.,* a viable marital relationship, wrongful interference with the relationship by

a third person, loss of consortium and a causal connection. Therefore, we hold the prohibition of alienation of affections actions extends to those cases in which a lone spouse sues a third party for alleged sexual misconduct with his or her spouse and seeks only loss of consortium damages.

*Lund,* 100 Wn.2d at 747.

The present case bears a striking similarity to *Lund*: (1) both cases involve a husband suing a pastor on the theory of pastoral malpractice for loss of consortium resulting from sexual relations by the pastor with the husband's wife; (2) the trial court found the claim to essentially be one for alienation of affections; and (3) the wife did not join the husband's claim. However, the plaintiff's failure to join his spouse was not a determinative factor in *Lund. In Lund,* 100 Wn.2d at 747, the court said, "His wife did not join the lawsuit, which alone would not bar the action". However, this case only differs from *Lund* in that Lien's former wife, Kathy Butler, has filed a separate action against Barnett and CCBTC. In terms of public policy for eliminating claims for alienation of affections, this factual difference is of no significance. In *Lund,* the court was concerned that the wife's failure to join the husband's lawsuit indicated "at least the possibility of a vengeful motive" on the part of the wronged husband. *Lund,* 100 Wn.2d at 747. Here, the fact that Lien has actually named his former wife as a defendant in his lawsuit indicates more than just the possibility present in *Lund* of a vengeful motive on the husband's part against his former wife. Accordingly, Lien's lawsuit, as that in *Lund,* is in essence a substitution for an abolished alienation of affections action that as a matter of public policy is barred.

We affirm and uphold the order of dismissal.

GROSSE, A.C.J., and WINSOR, J., concur.